Dasher *vs.* Dasher.

J. T. DASHER, plaintiff in error, *vs.* VIRGIL F. DASHER, defendant in error.

The entry of service on a suit by the sheriff is not conclusive of such service, but may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits.

Service. Return of sheriff. Before Judge Sessions. Lowndes Superior Court. December Adjourned Term, 1871.

This case came on to be heard on a rule *nisi* in favor of J. T. Dasher, calling on Virgil F. Dasher to show cause why a judgment obtained by him against J. T. Dasher at the June term, 1871, of the Superior Court of Lowndes county, should not be set aside for want of service of a copy of the original declaration upon the defendant in said suit. The case, by consent, was submitted to the decision of the presiding Judge, without the intervention of a jury.

The original declaration had the following entry thereon :

"I have this day served a copy of the within upon J. T. Dasher, by leaving the same at his place of abode.

"November 15th, 1870.

　　(Signed)　　　　　　　"A. HEWITT, Sheriff."

Evidence was introduced by both parties, *pro* and *con.* The Court refused to set aside the judgment, upon the ground that the return of the sheriff showed that service had been perfected in said suit, and plaintiff in error excepted.

WHITTLE & MORGAN, for plaintiff in error.

No appearance for defendant.

MONTGOMERY, Judge.

This was a rule *nisi* by J. T. Dasher against Virgil F. Dasher, issued at the December term, 1871, of Lowndes Superior Court, requiring said Virgil T. Dasher to show cause why a judgment obtained by him against J. T. Dasher at the

preceding term of the Court should not be set aside as void for want of service. By agreement of parties the case was submitted to Judge without jury.

The evidence showed conclusively that the defendant in the action in which the judgment was obtained, never had been served, nor had he by himself or agent acknowledged service. Indeed, he was entirely ignorant that the cause was pending, until after judgment was entered against him. The usual entry of service by leaving the writ at defendant's residence, was, however, on the declaration.

The Judge refused to set aside the judgment " upon the ground that the sheriff's return shows that service had been perfected in said suit, and that said judgment was not void for want of service." The evidence showed the writ to have been left at the house of defendant's father, instead of his own, and that he had never heard of it until after the judgment was rendered, and then moved at the very next term to have it vacated. The case is fully within the provisions of section 3264 of the Code, and the judgment of the Court below must, therefore, be reversed.