SARAH A. LEMON, plaintiff in error, *vs.* FRANCES M. JENNINGS, defendant in error.

The power vested in a trustee to sell the trust property and reinvest or otherwise dispose of the proceeds in any manner for the use and benefit of the *cestui que trust*, does not include the authority to settle various actions of ejectment pending against said trustee by agreeing to allow verdicts to be taken for the plaintiffs in some of the cases, and for the defendants in the others.

Lemon *vs.* Jennings.

Trusts. Powers. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

For the facts of this case, see the decision.

LESTER & THOMSON, for plaintiff in error.

REUBEN ARNOLD ; P. L. MYNATT, for defendant.

WARNER, Chief Justice.

It appears from the record in this case, that actions of ejectment were pending in Fulton superior court in favor of the lessees of the plaintiff therein against several parties defendants, to recover possession of certain described lots of land in the city of Atlanta, the defendants holding possession of said lots as tenants of Jennings. It also appears that Jennings held a title to the land as trustee for his wife, Frances M. Jennings, for her use and benefit, with the right of said trustee to sell the same, and reinvest, or otherwise dispose of the proceeds in any manner for *the use and benefit* of said Frances M. Jennings. Pending the litigation, the attorneys for the plaintiffs in the ejectment suits, and Jennings, as trustee for his wife, entered into a written agreement that the pending suits should be amended so as to make Jennings a party thereto in his fiduciary capacity, and that verdicts should be taken in favor of the plaintiffs for certain described lots, and judgment entered thereon, and that verdicts should be taken in favor of the defendants for certain other described lots, and judgments entered thereon. When this agreement was presented to the court and proposed to be made the judgment of the court, Mrs. Jennings appeared by her counsel and objected, on the ground that it was prejudicial to her rights and interest, that she was no party to it, and that her trustee had no authority to bind her to the terms of any such agreement as that in relation to her trust property under the trust deed. The court refused to allow the agreement to be made the judgment of the court, and to enforce the terms thereof; whereupon the mo-

vant excepted.   The power of the trustee under the trust deed to sell the trust property and re-invest the proceeds thereof, or otherwise dispose of the proceeds in any manner for the use and benefit of Mrs. Jennings, is one thing.   To dispose of any part of the trust property specified in the trust deed by verdicts and judgments, to be rendered by the court in favor of the plaintiffs in the ejectment suits for their use and benefit, is quite another and different thing.   Such a disposition as that certainly would not be for the use and benefit of Mrs. Jennings, the *cestui que trust*, as contemplated by the deed creating the trust.   She was the real owner of the property conveyed to her by the trust deed :   Code, 1754.   If she had signed the agreement, then she might have been bound by it.   It is a general rule in equity that no act of the trustee shall prejudice the *cestui que trust* : Hill on Trustees, 317.   But it is said this agreement was made by the trustee as a compromise or settlement of pending litigation for the benefit of Mrs. Jennings, the *cestui que trust*.   The reply is to be found in the 2327th section of the Code, which declares that a trustee, unless expressly authorized by the act creating the trust, or with the voluntary consent of all the beneficiaries, has no authority to sell or convey the *corpus* of the trust estate, but such sales must be made by virtue of an order of the court of chancery upon the regular application to the same.   The disposition of a large portion of the *corpus* of the trust property, as contemplated by the agreement of the trustee, is not authorized by the deed creating the trust, and Mrs. Jennings, the beneficiary under it, has not voluntarily consented that it shall be so disposed of.   In no view of this question, as presented by the record before us, should we be disposed to control the discretion of the court below in refusing to allow the agreement to be made the judgment of the court, and verdicts taken, and judgments entered thereon, as contemplated by the agreement, when Mrs. Jennings, the *cestui que trust*, was no party thereto.

Let the judgment of the court below be affirmed.