Duke *et al.* *vs.* Randolph.

---

GREEN S. DUKE, administrator, *et al.*, plaintiffs in error, *vs.* JAMES E. RANDOLPH, executor, defendant in error.

Where an affidavit of illegality alleged that the defendants never had any notice of the pendency of the suit upon which the judgment was founded until execution issued against them, a demurrer thereto should have been overruled.

Illegality. Before Judge RICE. Clarke Superior Court. February Term, 1874.

For the facts of this case, see the decision.

M. L. MARLER, for plaintiffs in error.

WILL. J. PIKE, for defendant.

WARNER, Chief Justice.

This was an affidavit of illegality to an execution filed by the administrator of Green M. Duke, deceased. The administrator alleged in his affidavit that the execution which had been levied on the property of his intestate, as he was advised and believed, was proceeding illegally against the estate of his intestate, because, neither the said Green M. Duke, deceased, nor the said Samuel G. Barnett, (the other defendant named therein,) ever had any notice of the pendency of the suit upon which the judgment was founded, until execution issued against them. The plaintiff demurred to the defendant's affidavit, which demurrer was sustained by the court, and the defendant excepted. The only question made by the demurrer for the judgment of the court was, whether the allegations contained in the affidavit were sufficient, under the law, to entitle the defendant to have judgment in his favor. The 3671st section of the Code declares: "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he cannot go behind the judgment by an affidavit of illegality." Do the allegations in the defendant's affidavit deny the fact that he has had his day in court, in contemplation of the law? If the defendant has been served in the manner prescribed by law, or acknowledges service, or if he appears and defends the suit, then he has *notice* of the pendency of the suit, in contemplation of the law, but when the defendant alleges that his intestate never had *any notice* of the pendency of the suit upon which the judgment was founded until the execution was issued against him, he negatives the fact of service, the acknowledgment of service, or of his appearance in court to defend the suit. If the defendant's intestate had no notice of the pendency of the suit until after judgment, then he has not had his day in court, in the sense of the law, and that is just what the plaintiff's demurrer admits, and upon that admission the defendants were entitled to the judgment of the court. The court could not,

legally, consider the evidence contained in the record of the case in deciding the demurrer to the defendant's affidavit of illegality.   The evidence contained in the record would be admissible when the plaintiff joins issue with the defendants as to the truth of the allegations in the affidavit.   The allegation that the defendants never had any notice of the pendency of the suit upon which the judgment was founded until execution issued against them, is much more comprehensive than the allegation that the defendants had never been served with any process or declaration, as was the case of *Cobb vs. Pitman*, 49 *Georgia Reports*, 578.   If the defendant had no *notice* of the pendency of the suit before the judgment was rendered, he has never had his day in court in respect to that judgment.

Let the judgment of the court below be reversed.