SEABORN DOZIER, plaintiff in error, *vs.* H. K. LAMB, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

There was no abuse of the discretion of the Judge in granting the new trial in tlis case. It should require a strong case, especially after twelve years have elapsed, to overcome the evidence of service derived from the official return of such service made at the time by a sworn officer.

Illegality. Service. Before Judge CLARK. Schley Superior Court. May Term, 1874.

At the August term, 1866, of Schley county court, H. K. Lamb recovered a judgment against Seaborn Dozier for

Dozier *vs.* Lamb.

$300 00 principal, and $139 00 interest to date of judgment, with accruing interest. The execution based on this judgment was levied on certain lands as the property of the defendant. He filed an affidavit of illegality to the effect that he had never been served, and the papers were returned to the superior court. Upon the trial of the issue thus formed, the evidence made this case: The record showed personal service on the defendant by James J. Drew, deputy sheriff, of date August 2d, 1860.

The defendant testified that he had no recollection of having been served by the sheriff; that if service had been perfected on him he would have filed the copy writ with his papers and kept it until the case was decided, as such was his uniform custom. That had he received notice of the suit he would have defended it. That he would soon be seventy-four years old.

The defendant's wife testified that she knew the defendant had never been served, because when he was sued he always told her of it, in order that she might be informed about his business if anything happened to him. That she always took the papers and kept them, but that she had never seen any papers in this case, nor heard the defendant say anything about it.

The plaintiff's attorney testified to having had several conversations with the defendant in reference to the suit both before and after judgment, in which the latter made no claim of never having been served.

The jury found in favor of the defendant. The plaintiff moved for a new trial because the verdict was contrary to the evidence. The motion was sustained, and the defendant excepted.

C. B. HUDSON; W. A. HAWKINS, by J. A. ANSLEY, for plaintiff in error.

E. H. WORRILL; M. J. WALL; GUERRY & SON, for defendant.

McLaren *vs.* Bradford.

McCAY, Judge.

It would be very dangerous to the conclusiveness of judgments if an official return of service, made by an officer under his official oath, could, after such a lapse of time, be set aside by evidence so inconclusive as was before the jury in this case. Indeed, the only evidence is that the defendant does not *remember* being served. And this is, doubtless, true of nine tenths of the cases where there is a judgment by default. It would be a strange thing if one could remember, after twelve years, such a thing. Had there been anything to call special attention to the debt, so that a suit on it would have been specially noticeable, as if there was no such debt due, there might be something in this want of remembrance; but, there seems to have been no dispute about the debt, nothing to call special attention to a suit on it. And, we think, there was no abuse of the discretion of the judge in refusing the new trial. The evidence was strongly, almost conclusively, against the verdict.

Judgment affirmed.