SEABORN DOZIER, plaintiff in error, *vs.* H. K. LAMB *et al.*, defendants in error.

59  461
97  772

59  461
102  695

59  461
122  684

1. Where a traverse of the sheriff's return of service alleges, on oath, that the return is false, and that defendant presents the traverse at the next term after notice by him of the sheriff's entry, and where both the plaintiff and the officer are made parties and called on to vindicate the return, the traverse cannot be dismissed, on mere motion, as filed too late.

2. Affidavit of illegality, which alleges that the defendant was never served with any copy of the declaration and process, and never knew of the suit till long after judgment was rendered, is sufficient. Such an affidavit raises the question of service, to be tried under the rules of evidence applicable thereto, one of which is, that an official return, unless traversed in due time and proved false, is conclusive.

Practice in the Superior Court. Service. Illegality. Before Judge CLARK. Schley Superior Court. April Term, 1877.

Reported in the opinion.

W. A. HAWKINS, for plaintiff in error.

B. B. HINTON, for defendant.

BLECKLEY, Judge.

Execution, based on a judgment rendered in August, 1866, issued in January, 1869. It was levied by the sheriff upon land, in May, 1873. In June, 1873, the defendant made an affidavit of illegality, upon the ground that "said debt has been fully paid off and discharged," and upon the ground

that " this deponent was never served with any copy of the declaration and process in said case, personally or otherwise, nor did he know of said suit until long after said judgment was obtained." On this affidavit, the plaintiff took issue at April term, 1874. That issue was twice found in favor of the defendant; the first time in April, 1874, and the second time in October, 1875. Each time the case came up to this court, (52 *Ga.*, 646 ; 55 *Ib.*, 677,) and went back to be tried over. After the second decision here, the defendant, on the 24th of April, 1876, filed in the court below, a traverse of the return of service, made by the deputy sheriff on the declaration and process in the original suit. The traverse was sworn to by the defendant, and it set out a copy of the officer's return, and alleged that the same was false. It stated, moreover, that the defendant " comes at this, the next term of the court after he had notice of the said entry being on said declaration, and traverses the said return, and prays that a rule *nisi* may issue, requiring the said deputy sheriff and the said plaintiff to show cause why said return should not be vacated and set aside as being false and untrue." A rule *nisi* issued accordingly, at April term, 1876, and the deputy sheriff, by his counsel, acknowledged service of the same on the 28th of October, 1876. No answer to the rule, either by the plaintiff or the officer, is found in the record. At April term, 1877, after a jury was impanelled to try the illegality and the traverse together, a motion was made by the plaintiff in *fi. fa.* and the deputy sheriff, to dismiss both proceedings, which motion was granted. The final order, however, as contained in the record, disposes of the illegality only, and dismisses the same, after reciting that the affidavit of illegality was returnable to the April term, 1874, and that the return of service was not traversed until April 24th, 1876. The granting of the motion to dismiss is excepted to.

1. The matter is made simple by separating the two proceedings which were before the court. They had no necessary connection. Either of them might have been begun

and prosecuted to an end without the other. Let us deal with the traverse first. In 28 *Ga.*, 494, 531, a majority of this court held· that the official return of service could not be contradicted, except for fraud or collusion. Then came the Code, section 3340, which provides that: "The entry of the sheriff or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return." The right here given to traverse the return is without restriction, except as to time; it must be exercised at the first term after notice of the entry, and before pleading to the merits. Suppose the defendant should come in before judgment was rendered, and while the suit was still pending? If he pleaded to the merits, his right to traverse would be gone; but if, without pleading to the merits, he should traverse the return of service, an issue would be made up on the traverse, as in the case of traversing other official returns, (Cobb's Dig., 579; 1 *Kelly*, 544,) and on the trial thereof two questions would be involved: first, whether the traverse was in time, that is, whether it was made at the first term after notice of the sheriff's entry was had by the defendant; and, secondly, whether, the traverse being in time, the return was true or false. If the jury should find, either that the traverse was too late, or that the return was true, the defendant would get no benefit from his proceeding; the main action would go on against him as if he had been served in fact, and that he was served in fact would be taken as conclusively true for all purposes connected with that suit. But should the jury not find the traverse too late, and should by their verdict pronounce the return false, the main suit would then stand in court as if no return of service had been made; and the defendant could move to dismiss it for want of service, and the motion should be granted. In this way the section of the Code which we have cited might be applied to a traverse filed before judgment. But it is equally applicable to a traverse filed after judgment. The

levy of execution has nothing to do, either with the right or the duty of traversing the return of service. After judgment as before judgment, and with a levy or without it, the defendant has the right to challenge the truth of the return by a proper legal traverse; but in order to exercise the right, it is his duty, in all cases, to make the traverse at the first term after he has notice of the entry. This is the period of limitation which the Code prescribes. By letting a term pass after he knows of the entry of service, the defendant's remedy by traverse is barred; the return will then stand, in the suit to which it belongs, as conclusive evidence of the service; and though the return may be false in fact, the defendant's redress, and his only redress, will be an action against the officer for a false return. We are speaking, of course, of returns where there is no defect in the jurisdiction of the court, or in the legal authority of the returning officer; and we are contemplating those cases only in which due returns of service retain their materiality, and are not rendered immaterial by appearance and pleading or other methods of waiver. Let us revert now to the particular traverse before us. It avers directly that the return is false, and it calls upon the plaintiff and the officer to vindicate it, thus making them both parties to the issue intended to be raised by the traverse. It declares that the traverse is presented at the next term after the defendant had notice of the entry. The expression "next term" is used, doubtless, as the equivalent of "first term;" and, with that understanding, the allegation is sufficient. This element of the traverse is no less material than the other; for the proceeding, if barred by lapse of time, is of no avail against the return, however false the return may be. But whether the defendant presented his traverse at the first term after notice, or not till a subsequent term, is one of fact for the jury, and the court, whatever may have been the belief, or even the knowledge, of the bench, could not decide that question on a motion to dismiss. Clear it is, therefore, that the court erred in dismissing the traverse.

2. The remaining inquiry relates to the affidavit of illegality. In section 3671 of the Code, it is laid down that " If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality ; but if he has had his day in court, he cannot go behind the judgment by an affidavit of illegality." This section is on the subject of raising the question of service, and expressly authorizes the defendant to raise it by affidavit of illegality, unless he has appeared, or had his day in court. It has no relevancy to the *evidence* of service, and the affidavit is not required to state anything on that subject. There may or may not be a return ; and if there is a return, the defendant may or may not know of it. Whether he knows of it or not, he is not obliged to mention it, or to allege in the affidavit anything concerning it. In making his affidavit, he deals with the *fact* of service, and negatives its existence. That much is necessary. He puts the fact in question, and brings the question into court to be tried on such legal evidence as may be there adduced. He takes the risk of encountering a return of service. Such return, if any, and if not shown to be invalid for want of jurisdiction in the court, or for want of authority in the officer who made it, will, as evidence of service, be absolutely conclusive. On the issue of service or no service, the return is the appointed witness of the law. It is a witness that cannot be contradicted or impeached. So long as it is competent to testify, the law accepts its testimony as true—as importing absolute verity. Only by destroying its competency can it be resisted. Traverse it—indict it, so to speak, for perjury, and convict it—then it will be infamous, and condemned to silence. A mere denial of service, in the affidavit of illegality, is no more a traverse of the official return than a plea of "not indebted" is a plea of *non est factum*. Service is one thing, and the evidence of service another; just as a debt is one thing, and the evidence of the debt another. Traverse of the return, is a direct attack upon the official evidence of service, and such an attack is as neces-

sary where there is an affidavit of illegality as where there is none; and unless the attack is made in due time and sustained, no affidavit of illegality founded on the want of service can possibly prevail. Both issues, when made up, may be tried together, by consent of parties; but they are essentially separate and distinct issues, and the natural and proper order of trial is, first, of the traverse, and then of the illegality. Doubtless, if the defendant thought proper to do so, he might, in his affidavit of illegality, disclose the existence of a return of service, and allege it to be false, thus making the affidavit serve as a traverse also. The officer could, before trial, be made a party by a proper order of the court, with due notice of the same. While an affidavit of illegality need not refer to any return of service, though a return exist and be known to the defendant, yet, if it should needlessly disclose the fact that there is a return, the affidavit should either go on and traverse it, or allege want of jurisdiction in the court, or some other fact showing a traverse to be unnecessary. The particular affidavit now under consideration makes no allusion to any return. It contains no intimation that any return was ever made. It denies the fact of service, and affirms that the defendant did not know of the suit until long after the judgment was rendered. Here is matter to be tried, either by inspection of the record, or by a jury. The court, therefore, committed error by dismissing the illegality without any trial whatever. 52 *Ga.*, 523.. Compare 47 *Ga.*, 320; 49 *Ib.*, 231, 578; 55 *Ib.*, 396.

Judgment reversed.