BUNYAN B. ODOM, plaintiff in error, *vs.* JOHN CAUSEY, defendant in error.

1. Entry of service in these words, "I have this day served the defendants with a copy of the original at their residence," means that each of the defendants has been served at his residence.
2. Notice of the execution is not notice of the return of service, and the defendant may traverse the truth of that return at the first term after he ascertains it has been made, though he may have known of the execution before.
3. A judgment entered on the minutes is a judgment of the court, though not signed by the judge but by counsel, and before the rule of court prescribing the mode of signing up judgment where no issuable plea on oath is filed; such a judgment is a substantial compliance with the constitution, and legal and valid. The judge signed the minutes, and the order to sign judgment and the judgment itself, it is presumed, are on the minutes as they are both sent up as part of the record.
4. There being no motion for a new trial, this court will not consider any ground of error except those made in the affidavit of illegality and rulings of the court on the trial below, and upon which error can be assigned here.

Service. Notice. Judgments. Minutes. New trial. Practice in the Supreme Court. Before Judge CLARK. Macon Superior Court. May Term, 1877.

Reported in the opinion.

FISH & DUPREE; LYON & NISBET, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

This was an affidavit of illegality on several grounds therein alleged, and on issue joined thereon the jury found for the plaintiff in *fi. fa.*, whereupon the defendant, Odom, excepted to certain rulings and decisions of the court, and brings the case here, assigning error on said decisions of the presiding judge.

1. The first error assigned is, that the judge permitted the sheriff, out of office, to amend his return of service at the trial. As we think that the entry did not need amendment, it is unnecessary to pass upon this assignment of error. The entry was, " I have this day served the defendants by leaving a copy of the original at their residence," which was amended by inserting the word " each " after defendants. We think that the entry meant, before amended, that each was served. The word " defendants," in the plural, means both of them, and the word " their," in the plural, too, shows with a sufficient certainty that both were served, or each of them was served.

2. The next assignment is that the court charged the jury to the effect that when the defendant received notice of the *fi. fa.*, that then he necessarily got notice of the sheriff's entry, and as one term elapsed after notice of the *fi. fa.*, that he could not traverse the return of the sheriff, which the defendant moved to be permitted to do. We think that the court erred in this. The defendant protested that he had no residence in Georgia at the time of the alleged service, and though he saw the *fi. fa.* when the sheriff levied it, he had no knowledge of the entry until afterwards, and not in time to make the traverse ; that is, that the then term was the

first after notice of the entry. It does not follow that when a defendant sees the execution he sees the entry on the declaration; on the contrary, he cannot then see it on that paper, and nobody shows that he was told such an entry as this was on the writ; nor was he then so far bound to go to the record and look at the writ as to estop him from his traverse by presuming that he had notice of the entry. He was in time to traverse it.

3. Error is again assigned that the judgment was signed by order of court by the counsel for plaintiff, and not by the judge himself, there being no issuable defense filed on oath. This was before the rule of court on the subject, and must be governed by the Constitution alone. The presumption is, that the judgment is on the minutes, as it comes here certified as part of the record; the judge signs the minutes, and therefore he signed this judgment. The meaning of the constitution, we think, is, that a jury should be dispensed with in such cases, and before the rule of court was adopted, the judge might well direct counsel to do for him what he was required to do, it being a mere ministerial act—" *Qui facit per alium, facit per se.*" This is precisely what he did in this case. He passed an order directing counsel to sign judgment, who did so, and then the judge signed the minutes with this order and the judgment thereon.

Perhaps, since the rule of court, it may be necessary that the judge sign himself.

4. Something was said about the *fi. fa.* having no legal entry thereon within a period of seven years, and that thereby the judgment was dormant; but no such ground of illegality was taken below, or error assigned here thereon; and no motion was made for a new trial, but the case comes up upon errors alleged on the trial alone. If the point had been made below, the *fi. fa.* might have been shown to have been active all the time by the pending of cases in court, or otherwise, perhaps. At all events, the point was not ruled below, and error is not assigned upon it here, nor could it be; and we decline to rule thereon.

We reverse the judgment, and order the case tried over, because the defendant was not permitted to traverse the entry of the sheriff, and, under the charge, the jury were forced to find that he was served.

Judgment affirmed.