### EVANS *v.* SMITH *et al.*

Where upon the traverse of a sheriff's return of service of a declaration it is neither alleged in the traverse nor proved on the trial that the traverse of the official return was filed at the first term of the court after notice to the party complaining of the return called in question, a verdict sustaining the traverse and vacating the return is contrary to law and on motion for a new trial should be set aside.

Argued April 14, — Decided May 7, 1897.

Traverse of sheriff's return.    Before Judge Hutchins. Gwinnett superior court.    March term, 1896.

*Juhan & McDonald,* for plaintiff.
*C. H. Brand* and *T. M. Peeples,* for defendants.

SIMMONS, C. J.    It appears from the record, that Smith obtained a judgment against Evans, and that Evans, at the March term, 1895, of the superior court of Gwinnett county, obtained a judgment against Smith.    At the "May adjourned" term, 1895, Evans moved to set off his judgment against Smith's; whereupon Smith filed a traverse to the return of service of the sheriff in the suit of Evans *v.* Smith, and in this traverse alleged that at the time the return was made he was not a resident of the State or county, but was a resident of the State of Kentucky, and that the judgment rendered against him was void for the want of jurisdiction of the court.    This was the only issue made at the trial.    The jury returned a verdict in favor of the traverse.    Evans made a motion for a new trial; it was overruled by the court, and Evans excepted.

Section 4988 of the Civil Code provides, that "The entry of the sheriff, or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits."    The traverse filed by Smith against the return of the sheriff does not say, hint or intimate when Smith had notice of the return of service the sheriff had made.    We have carefully read every word of the evidence contained in the record, and there is not a word by Smith or any of his witnesses as to the time he received notice of the return.    The only reference made by him, in his testimony, to this essential issue, i. e. when he had notice of the return, is in his testimony when he was called in rebuttal.    He then says that he "never knew anything about the pendency of the Evans suit against him until after he returned from Kentucky to Georgia in January, 1895."    Evans's suit against Smith was filed in August, 1894.    The return of service of the sheriff was dated August 16, 1894.    Judgment was obtained in March, 1895.    There is nothing in Smith's testimony to negative his knowledge of the "pendency of the suit"

in January, 1895, two months before the judgment term. If he knew that the suit was pending against him, he must have known or had ground to believe that there was a return of the sheriff upon that suit. It could not have been set in that court unless there had been a return of service. McCay, J., in the case of *Johnson* v. *Johnson*, 52 *Ga.* 452, in a case somewhat similar to this, says: "A man is not allowed to shut his eyes to self-evident things. The defendant had every reason to know that under the circumstances the sheriff would make the entry." Knowing in January, two months before the judgment term, that a suit was pending against him in favor of Evans, it seems to us that Smith ought to have known or to have discovered that the sheriff had made a return thereon. It is quite possible that he did know it, for he was twice on the witness-stand and on neither occasion did he testify that he was ignorant of the return of the sheriff. It may be that he knew it, and this may account for his reticence upon the subject.

Whether or not Smith knew of the return of service, there was a judgment rendered against him by a court of competent jurisdiction. His only way of getting rid of that judgment was by a traverse of the return of the sheriff; and in that traverse he should have alleged when first he received notice of the return, and that he filed his traverse at the first term thereafter. Nothing is said in the traverse about this question. Not having alleged it in the traverse, he ought at least to have proved at the trial, to the satisfaction of the court and jury, when he first received notice of the return, and that the traverse was filed at the first term after receiving the notice. The proper practice on filing a traverse of this character is to allege in the traverse the time when notice of the service was had, and that the traverse is filed at the first term thereafter. These matters not being alleged in the present traverse, it was certainly incumbent upon Smith to prove them; yet, as we have shown, there was no proof at all on his part as to when he first had notice of the return. The verdict of the jury sustaining the traverse was, therefore, contrary to law and should have been set aside; and the court erred in not granting a new trial upon this ground. *Judgment reversed. All the Justices concurring.*