## PHILLIPS *v.* WAIT.

1. Where a copy of a petition to revive a dormant judgment, but no copy of the scire facias issued thereon, is served upon the defendant, and he subsequently ascertains that an order has been passed by the court reviving the judgment, his knowledge of the existence of the order of revival is not inconsistent with ignorance on his part of an entry, by the proper officer, of service of the scire facias.
2. The evidence introduced by the movant being sufficient to have sustained a verdict in favor of the traverse, the court erred in directing the jury to find against it and in favor of the officer's return of service.

Argued December 13, 1898. — Decided March 4, 1899.

Traverse of return of service. Before Judge Reid. City court of Atlanta. May term, 1898.

*Simmons & Corrigan,* for plaintiff in error.
*Shepard Bryan,* contra.

FISH, J.　This was a motion, in the city court of Atlanta, to set aside an order reviving a judgment rendered in that court, which had become dormant.　One ground of the motion was the want of service of scire facias.　The sheriff's entry of service was traversed, and he was made a party to the proceeding.　It appeared from the evidence introduced by the movant, who was the defendant in the judgment, that he had been served with a copy of a petition to revive the judgment, but had not been served with a copy of the scire facias.　The only evidence to the contrary was the entry of service by the officer.　The movant testified that he did not know of the entry of service made by the sheriff upon the petition to revive the judgment, until during the November term, 1897, of the city court of Atlanta, and that he, at the next term of that court thereafter, entered a traverse of the sheriff's return, and moved to have the order reviving the judgment set aside.　This evidence was uncontradicted.　It appeared that after the order reviving the judgment was granted the movant appeared in a justice's court and moved to have a bond strengthened which had been given by the plaintiff in a garnishment proceeding based upon the judgment.　(It is contended by counsel for the defendant in error that the movant also filed a bond to dissolve the garnishment, but this does not appear from the record in the case.)　There was nothing upon the face of either the garnishment affidavit or the original garnishment bond to show that the judgment had been revived, the judgment mentioned in each being simply designated as "a judgment obtained at the September term, 1887, of the city court of Atlanta."　The additional bond given to strengthen the original garnishment bond states that the process of garnishment was sued out "upon judgment obtained at the Sept. term, 1887, and revived at Jany. term, 1897."　The movant testified that he did not see this new bond "until during the November term, 1897, of the city court of Atlanta."　Counsel for defendant in error contends that "The traverse was not filed at the

first term after notice of the sheriff's entry, because (1) Phillips in August, 1897, made a motion to have bond for garnishment strengthened; and (2) he appeared in court before the September term, and filed a bond to dissolve the garnishment. These facts show that he knew an effort was being made to collect the judgment rendered on the revival of the old judgment."

1. In the view which we take of the case, it does not matter when Phillips (the movant in the present motion) first obtained knowledge that the court had passed an order to revive the judgment. A judgment rendered in a case where there has been no service upon the defendant, or waiver thereof, is a nullity; and as a judgment that is void may be attacked in any court and by anybody (Civil Code, § 5373), the time when the movant first ascertained the existence of the order reviving the judgment is immaterial. The material question is, when did the return of service entered upon the petition by the sheriff first come to his knowledge. For this return, unless traversed in due time and proved to be false, would become conclusive, and when conclusive would defeat any attack upon the order reviving the judgment upon the ground that it was void for the want of service. Knowledge of the existence of the order to revive the judgment is not inconsistent with ignorance of the sheriff's return of service of the scire facias. *Parker* v. *Rosenheim & Co.*, 97 *Ga.* 769. In *Odom* v. *Causey*, 59 *Ga.* 607, it was held that "Notice of the execution is not notice of the return of service, and the defendant may traverse the truth of that return at the first term after he ascertains it has been made, though he may have known of the execution before." In the opinion in that case Jackson, J., said: "It does not follow that when a defendant sees the execution he sees the entry on the declaration; on the contrary, he can not then see it on that paper, and nobody shows that he was told such an entry as this was on the writ; nor was he then so far bound to go to the record and look at the writ as to estop him from his traverse by presuming that he had notice of the entry. He was in time to traverse it."

2. The evidence introduced by the movant being sufficient to have sustained a verdict in favor of the traverse, the court

erred in directing the jury to find against it and in favor of the officer's return.

<div style="text-align:center">

*Judgment reversed.    All the Justices concurring.*