28583. BACKUS, deputy marshal, *v.* STANDRIDGE.

DECIDED MARCH 21, 1941. REHEARING DENIED APRIL 3, 1941.

W. S. *Northcutt, James K. Rankin, Powell, Goldstein, Frazer & Murphy,* for plaintiff.

O. C. *Hancock, John H. Hudson,* for defendant.

MACINTYRE, J. Summons of garnishment directed to Mrs. G. L. (Blanche) Standridge, defendant in error, and returnable to the June term, 1939, of the civil court of Fulton County, was alleged by plaintiff in error (J. F. Backus, deputy marshal of said court) to have been served upon her on May 2, 1939, and in order to prove service he introduced his return showing: "Served summons of garnishment on within affidavit and bond on Mrs. G. L. (Blanche) Standridge personally. This May 2nd, 1939 at 1:10 o'clock p. m. J. F. Backus, deputy marshal." At the January term, 1940, of said court, a default judgment was entered in favor of the Hartford Accident & Indemnity Company, plaintiff in fi. fa., against the defendant in error. Thereafter, at the March term, 1940, of said court, on March 21, 1940, when the Hartford company attempted to levy on the defendant in error's property, defendant in error filed a traverse (denominated by her as an affidavit of illegality) to the entry of service of the deputy marshal, Backus, alleging that the execution had "issued illegally and is proceeding illegally for the reason that she has never been served with the summons of garnishment sued out in said matter. That

the officer's return made . . is not true. Deponent [defendant in error] traverses and denies the truth of same." The jury returned a verdict in favor of the traverse, and to the overruling of his motion for new trial, Backus excepted.

The Code, § 81-214, provides: "The entry of the sheriff or any officer of the court, or his deputy may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return." The question presented is whether the evidence authorized a finding that the defendant in error had complied with this section of the Code. With reference to this section, the Supreme Court has said: "After judgment as before judgment, and with a levy or without it, the defendant has the right to challenge the truth of the return by a proper legal traverse; but in order to exercise the right, it is his duty, in all cases, to make the traverse at the first term after he has notice of the entry. This is the period of limitation which the Code prescribes. By letting a term pass after he knows of the entry of service, the defendant's remedy by traverse is barred; the return will then stand, in the suit to which it belongs, as conclusive evidence of the service; and though the return may be false in fact, the defendant's redress and his only redress, will be an action against the officer for a false return. . . The right here given [referring to the Code, § 81-214] to traverse the return is without restriction except as to time; it *must* be exercised at the first term after notice of entry, and before pleading to the merits." (Italics ours.) *Dozier* v. *Lamb,* 59 *Ga.* 461. The act of the legislature creating the Atlanta municipal court (Ga. L. 1925, pp. 370, 377), now the civil court of Fulton County (Ga. L. 1939, p. 449), provides: "The terms of said court shall commence on the first Monday in each month and each term shall continue from day to day so far as may be necessary, but not to run beyond the Saturday preceding the commencement of the succeeding term."

Whether or not Mrs. Standridge knew of the return or entry of service, there was a judgment rendered against her by default by a court of competent jurisdiction. She had a right to traverse the entry of service whether her case was marked in default or not. *Kahn* v. *Southern Building & Loan Association,* 115 *Ga.* 459 (2)

(41 S. E. 648). In properly pleading her traverse she should have alleged when she first received notice of the entry, and that she filed her traverse at the first term thereafter. Nothing was specifically said about this in her traverse. Not having specifically alleged it in the traverse, if we concede that the general nature of the traverse, in the absence of demurrer, was sufficient to raise the question of notice or no notice of the entry of service, she ought at least to have proved it at the trial; yet it was not proved at all on her part as to when she first had notice of the return or entry. We have carefully read her testimony, and no reference as to when she first had notice of the entry appears. It does appear from her testimony that she had notice of the judgment in January, 1940, and it is quite possible that she did know of it, for nowhere does she testify that she was ignorant of the entry of service by the officer. The verdict sustaining the traverse was contrary to law, and should have been set aside, and the court erred in not granting a new trial on this ground. *Evans* v. *Smith,* 101 *Ga.* 86, 88 (28 S. E. 617); *Cochran* v. *Whitworth* 21 *Ga. App.* 407 (3) (94 S. E. 609); *Maund* v. *Keating,* 55 *Ga.* 396.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*