28859, 28860. BENTON *v.* MADDOX; and *vice versa.*

DECIDED JULY 16, 1941. REHEARING DENIED JULY 28, 1941.

*Smith & Smith,* for plaintiff. *M. F. Adams,* for defendant.

STEPHENS, P. J. At the March term, 1940, of Putnam Superior Court there came on to be tried the case of L. O. Benton, transferee, against J. D. Maddox, the same being an issue formed upon an affidavit of illegality filed by the defendant to the levy on certain personal property of the defendant of an execution against him in favor of the plaintiff. The defense interposed was that the defendant had never been served with the petition and process in the suit in which the judgment had been rendered; that he had never appeared and pleaded therein, and had never authorized any one to do so for him; that the judgment had been rendered by default, and that he had not had his day in court. At the former term of court, and on September 19, 1939, there was established by order of court, after hearing evidence, a true copy of the return of service by the sheriff on the defendant as made on the original

petition, it appearing that the original petition with return of service thereon had been lost. The return of service so established read as follows: "I have this day served the defendant J. D. Maddox, personally with a copy of the within petition and process. This 20th day of October, 1922. A. J. Walton, sheriff." On that same day, September 19, 1939, the defendant amended his affidavit of illegality theretofore filed by alleging that at this term of court it had come to his attention that the sheriff had made return of service on the petition to the effect that he had served the defendant with a copy of the petition and process on October 20, 1922; that the return is untrue and the defendant traverses the same, and prays that the sheriff be made a party. This amendment was allowed and ordered filed. It was also ordered that the sheriff be made a party and be served with the amendment and traverse twenty days before the next term of court. On October 23, 1939, the sheriff acknowledged service of the traverse of the return and of the order of court making him a party. The case proceeded to trial on the issue formed under the defendant's affidavit of illegality as amended in which it was alleged that the defendant had never been served or had his day in court, and on the traverse of the return of service as established by order of court.

It is essential to the right of a defendant in execution who has filed an affidavit of illegality to the levy thereof to establish the invalidity of the proceedings on the ground of lack of service on him of the petition and process in the suit on which the judgment issued, where there appears an entry on the petition of service of the petition and process on the defendant, that the defendant traversed the entry of service at the first term "after notice of such entry is had by him, and before pleading to the merits." Code, § 81-214; *Lamb* v. *Dozier,* 55 *Ga.* 677; *Dozier* v. *Lamb,* 59 *Ga.* 461; *Knight* v. *Jones,* 63 *Ga.* 481; *Evans* v. *Smith,* 101 *Ga.* 86 (28 S. E. 617).

The plaintiff moved to strike the defendant's amendment to his affidavit of illegality in so far as it traversed the return of service made by the sheriff on October 20, 1922, on the ground that said traverse was filed too late, and not within the time required by law, in that it was not filed at the first term after the defendant had notice of the sheriff's return and before the defendant had pleaded to the merits, and that the defendant had notice "of said

return of service at and prior to the preceding term of this court." It was alleged in the motion that it appears from the record that the defendant, in his affidavit of illegality as originally filed in January, 1934, alleged that the sheriff made a return of service on the petition that he had served the affiant with a copy of the petition and process, and that the defendant by an amendment on March 23, 1938, to his affidavit of illegality traversed the return. The court overruled this motion and the plaintiff excepted pendente lite.

It appears from the record as here presented that in September, 1934, the defendant amended the affidavit of illegality and struck therefrom the allegation in the original affidavit that since the last term of court it had come to the defendant's notice that the sheriff had made a return of service on the petition that he had served the affiant with a copy of the petition and process, and also striking the sheriff as a party. Therefore, so far as appears from the record, the affidavit of illegality as amended does not show, as alleged in the motion to strike the defendant's amendment which traversed the return and made the sheriff a party, that the defendant had notice of the existence of the return of service before the September, 1939, term of court, when the return was established as a lost paper and the defendant filed the amendment to his affidavit of illegality traversing this return and making the sheriff a party. The court therefore did not err in overruling the motion to strike the amendment to the affidavit of illegality traversing the return of the officer and making him a party.

It appeared from the evidence adduced on the trial of the issue formed by the defendant's traverse to the return of service, and from the record, that if there had ever been any return of service by the officer entered on the original paper the return had become lost. Such loss was the occasion of the establishment as a lost paper of the return of service by the order of September 19, 1939. It also appeared that in the writ book in the office of the clerk of the court, in which copies of papers are kept as required by law, there appeared recorded a copy of the petition with the note sued on attached as an exhibit, the process, verdict and judgment by default of September 17, 1928, but there did not appear any copy of the return of service. This record was entirely silent as to service. Maddox testified that he had never been served with a copy

of the petition; that he did not know anything about the entry of service being made by Walton; that when the original affidavit was filed in February, 1934, he "had not heard or had notice of any entry of service being made in this case;" that on March 23, 1938, he "had not heard or had notice of an entry of service in this case," and "had no knowledge of it;" that the only time he remembered "anything about any notice of entry of service was when they levied on" his cotton; that "up to that time" he "didn't know anything about an entry of service in this case." The witness was emphatic in his testimony that he had never been served. The sheriff testified positively that he remembered serving Mr. Maddox by handing him a copy of the petition.

While the burden was on the defendant to show, not only that he had not been served with the petition and process, but that he had traversed the entry of the sheriff at the first term after notice to him of the entry, and before pleading to the merits, he could establish these facts by evidence satisfactory to the jury. While the return of service is "evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing but the strongest of which the nature of the case will admit" (*Denham* v. *Jones,* 96 *Ga.* 130, 23 S. E. 78), it is not conclusive as to service. It is a jury question, under the evidence, whether the defendant has successfully impeached the return, and where the testimony of the defendant is positive and unimpeached that he was not served it is sufficient to authorize a jury to find against the return. The jury therefore were authorized to find that the defendant had not been served.

While the duty was on the defendant to show that he had traversed the return by the first term after notice, and before pleading to the merits, it can hardly be said as a matter of law where the papers were lost and no return of service appeared of record in the writ book in which it is required that all papers in connection with a suit be recorded, although other papers in the suit appeared of record, and where a return of service was established as a lost paper as required by law, that the defendant against whom the judgment had been issued by default, had had notice or knowledge of the existence of a return of service before the date of the establishment of such return as a lost paper, merely because the defendant had previously thereto alleged in his affidavit of illegality, which allega-

tion was afterwards stricken by amendment, that it had come to his notice that the officer had made a return of service. These statements were but admissions which were not conclusive as to the facts stated. While it is true that the testimony of a defendant who is a party to the case must be construed most strongly against him, he should not be held as a matter of law to the commitment that he had notice of such entry by a statement in his testimony that the only time he remembered anything about any notice of entry of service was when his cotton was levied on, which was, of course, before the affidavit of illegality was ever filed and several terms of court before the filing of the present traverse of the return, where the defendant had already testified that he did not know anything about an entry of service made by the officer, and where it appeared that the papers had been lost and there was no means of any one knowing with certainty as to the existence of any return of service. The jury were authorized to find that the defendant had had no knowledge of the existence of the officer's return before its establishment as a lost paper. See *Phillips* v. *Wait*, 106 *Ga.* 589, 591, (32 S. E. 842). The evidence authorized the verdict for the defendant.

After the establishment of the return of service as a lost paper any issue as to whether a return of service had been made was eliminated. On the trial the return of service should have been considered as a fixed fact. It was error for the court to submit to the jury the question whether a return of service had been made. The court charged the jury as follows: "You must therefore decide from the evidence applied to the law and determine whether or not the sheriff made his return of service in this case;" and, "you are the ones to say whether or not there has been an entry of service;" and, "if after consideration of all the evidence applied to the law given you in charge from the court you find there was an entry of service on the suit, that the sheriff had served the defendant with a copy of the process and petition, and that he made an entry of service as the law required him to do, I charge you as a matter of law that the defendant should have filed his defense at the first term;" and, "if you believe by a preponderance of the evidence that there was an entry by the sheriff I charge you the entry furnished the highest rank of evidence." These charges clearly submitted to the jury the issue, which had been eliminated from

the case, whether or not the sheriff had made a return or entry of service. This was error prejudicial to the plaintiff and requires a new trial. While in many instances it has been held that it was not error for the court to submit as issues matters about which there was no dispute, these rulings were in cases where it appeared that the complaining party was not injured thereby, and that the jury could have come only to the conclusion established by the undisputed evidence. Such rulings have no application here. As has been seen, the entry of service of the officer, which was a fixed fact, had the highest value as tending to establish the truth contained therein, namely, that the defendant had been served. The submission to the jury as an issue of fact whether the officer had made such entry of service destroyed the force and effect of such entry as being evidence of the highest character as to service. While the judge instructed the jury that the entry was of the highest character of evidence tending to establish service, he destroyed the effect of the entry for such purpose by submitting to the jury as an issue of fact whether such entry, the making of which was beyond dispute, had been made. There was evidence which presented an issue whether an entry of service had been made. There was evidence that no entry of service was of record in the writ book in the office of the clerk, while other papers in the case appeared of record. There was evidence that Mr. Maddox had not been served with the suit by the officer. It could have been inferred from the evidence that no entry of service had been made by the officer. The statement to the jury of the issue whether or not an entry of service had been made was error harmful to the plaintiff and requires a new trial.

The charge to the jury that if the defendant filed his affidavit of illegality at the first term of court after he discovered that the return of service had been made the jury should find for the defendant, was error in that it excluded from the jury's consideration the issue whether the defendant in fact had been actually served. This charge instructed the jury that irrespective of whether the defendant had been served the jury should find for the defendant if he filed his traverse within time.

It being essential to the right of the defendant to prevail that he file a traverse of the return of service at the first term after notice of the return and before pleading to the merits, it was error

for the court to charge that if the defendant was never served by the sheriff with a copy of the original petition and process a verdict should be found for the defendant. This charge was error in that it excluded from the consideration of the jury the question whether the defendant had filed his traverse of the return of service within the time required by law.

No error appears in the court's refusing to permit a witness to answer a question propounded on direct examination where it does not appear what the answer of the witness would have been. The application of the above rulings disposes of all the assignments of error. The court erred in overruling the plaintiff's motion for new trial.

In the cross-bill of exceptions Maddox excepts to the order of the court establishing as a lost paper the sheriff's return of service of the petition and process on the defendant. Error is assigned on the ground that the evidence was insufficient to support the judgment establishing as a lost paper the entry of service on the petition. It is contended that it nowhere appeared from the evidence that a return of service was ever in existence. The sheriff testified, both as to the service of the lost paper and the entry of service, that he kept a private memorandum book in which he made a record of each writ delivered to him for service; that he made an entry therein showing the service and time of service; that, refreshing his recollection from the book, he served the defendant with a copy of the petition and process on October 20, 1922; that his record indicated that the service was personal; that he did not know whether he made an entry of the service on the original petition; that the clerk never delivered originals to him but only copies; that it was his custom to rely on the lawyers in the cases to remind him to make the returns, and that counsel for the plaintiff in this case were non-residents of the county and did not know of his custom. The memorandum book which was admitted in evidence contained a statement showing service on the defendant in person. The defendant introduced the record of the proceedings in the suit contained in the writ book, consisting of the petition, exhibits, process, and default judgment, with no return of service. He also introduced the record of proceedings which appeared in the writ book on the preceding page, which showed the same thing as to another case, the original petition and process of this latter case

showing no return of service. The defendant testified that the sheriff did not serve him with a copy of the petition and process, and there was also introduced a portion of the original affidavit of illegality, made in 1934, which had been stricken by amendment, in which the defendant stated that it had come to his notice that in this case A. J. Walton, the sheriff of the county, had made a return of service on the petition to the effect that he had served the defendant with a copy of the petition and process on a named date, and that affiant said that this return was untrue.

While the sheriff testified that he did not remember whether he had made the entry of service, and did not testify that he had made such entry, he testified positively that he perfected personal service on the defendant. The sheriff having served the defendant, the making of an entry of service on the petition would have been purely a ministerial act, an act which the sheriff should have performed and presumably did perform. It is presumed that officials perform the duties required of them by law. It is also presumed, from the rendition of the judgment by default against the defendant, that an entry of service appeared on the petition. *Benton* v. *Maddox*, 56 *Ga. App.* 132 (192 S. E. 316).

The evidence authorized a finding establishing as a lost paper the entry on the petition of service by the sheriff of the petition and process.

*Judgment reversed on the main bill of exceptions. Affirmed on the cross-bill. Sutton and Felton, JJ., concur.*