## 30107. MILLER v. MILLER.

DECIDED SEPTEMBER 29, 1943.

*Reuben A. Garland,* for plaintiff in error.

*Frank A. Bowers, James R. Venable, William A. Thomas,* contra.

BROYLES, C. J. The bill of exceptions and the record show the following facts: On September 26, 1942, Emmett Miller filed in the city court of Decatur, DeKalb County, an action against Bert A. Miller for alienation of affections. The suit was returnable to the November term of the court, which began on the third Monday, November 16, 1942. On that day the case was called and marked "in default." On November 19, 1942, the case was tried in the absence of the defendant and his counsel, and a verdict and judgment were rendered in favor of the plaintiff and against the defendant. No pleading had been filed by the defendant. On November 23, 1942, and at the same term of court, which was the appearance and trial term, the defendant filed a traverse of the sheriff's return. On March 12, 1943, the court, after a hearing and arguments, dismissed the traverse, and that judgment is assigned as error in the bill of exceptions. On November 23, 1942, the de-

fendant filed a motion to set aside and vacate the verdict and judgment, but that motion was filed after the filing of the traverse. In this motion the defendant stated that it was filed "without waiving any rights that he might have, denying the jurisdiction of this court, and without admitting jurisdiction thereof, and without waiving any rights arising by reason of the filing of his traverse to the return of the sheriff." On March 12, 1943, the motion to vacate the verdict and judgment was denied, and that judgment is assigned as error. On December 18, 1942, the defendant moved for a new trial. That motion was overruled on March 12, 1943, and the bill of exceptions assigns error on that judgment.

The motion by the defendant in error to dismiss the writ of error, on the ground that the bill of exceptions contains no sufficient assignment of error upon any final judgment, is without merit and is denied.

The next question is, did the court err in dismissing the traverse of the sheriff's return? The return was made by a deputy sheriff, and was as follows: "Georgia, DeKalb County. I have this day served the defendant, Burt A. Miller, by leaving a copy of the within writ and process at his most notorious place of abode in this county. This Sept. 28, 1942. Clem Jolly, deputy sheriff." The return was subsequently amended to show that said deputy sheriff served Burt R. Miller at his most notorious place of abode at 9 Clay Street, Southeast, DeKalb County, by leaving a copy of the suit at that address. In his sworn traverse of the return, the defendant stated "that the facts in the return made by said deputy sheriff are not true, and the same are hereby traversed and denied as being untrue, in that this deponent did not live at 9 Clay Street, DeKalb County, Georgia, at the time and on the date of service and return of service made by said deputy sheriff; that he did live at No. 255 E. Pace's Ferry Road, Fulton County, Georgia, and had been living at said last-named address since January, 1942, and was domiciled at said place at the time said illegal service of the said deputy sheriff was made in DeKalb County, Georgia. Deponent further says that this traverse of said return is made at the first term of said court immediately following the date of notice to this deponent of the return itself." The traverse was sworn to and signed on November 23, 1942, and filed on the same day. The sheriff of DeKalb County and his deputy, Clem

Jolly, were subsequently made parties thereto, and service of the traverse was acknowledged by them. It clearly appears that the traverse raised two issues of fact which should have been submitted to a jury: (1) Was the defendant, at the time that the deputy sheriff left the papers at No. 9 Clay Street in DeKalb County, a resident of that county, or was he a resident of Fulton County? (2) Was the traverse filed at the first term of the court after the defendant had knowledge of the sheriff's entry of the return? In *Dozier* v. *Lamb*, 59 *Ga.* 461, the Supreme Court said: "Where a traverse of the sheriff's return of service alleges, on oath, that the return is false, and that [where?] defendant presents the traverse at the next term after notice by him of the sheriff's entry, and where both the plaintiff and the officer are made parties and called on to vindicate the return, the traverse cannot be dismissed, on mere motion, as filed too late."

In our opinion, the court erred in not submitting to the jury the issues of fact thus raised, and in dismissing the traverse. And that error rendered nugatory the further proceedings in the case.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*