34061, 34062.   PURITAN MILLS INCORPORATED
*v.* FUTCH (two cases).

DECIDED JUNE 20, 1952.

*H. J. Quincey, Marshall, Greene, Baird & Neely, Ferdinand Buckley,* for plaintiff in error.

*Gibson & Maddox,* contra.

FELTON, J. Since the issues are the same in both bills of exceptions, the cases will be considered together.

The evidence demanded a finding that the service was not legally perfected against Puritan Mills Inc. The copy of the petition and process was served on Jimmie Wren as agent of Puritan Mills, but the evidence clearly showed that Wren was merely a retailer who bought products from Puritan Mills for resale, and was not an agent of Puritan Mills upon whom service could be perfected under Code § 22-1101. The defendant in error contends that, even though the service was imperfect, the traverse was not filed at the first term after notice of the entry of service, and that the court therefore correctly found against it. The evidence showed that the copy of the "suit" served on Wren was shown to DeLoach, the alleged agent of Puritan Mills, who read it and returned it to Wren's employee; and it is contended that this was sufficient to constitute notice to Puritan Mills of the entry of service. The contention is without merit. Ga. L. 1946, pp. 761, 769 (Code, Ann. Supp.,

§ 81-202) prescribes the method in which service and the return thereof shall be made, and provides: "The officer serving the petition and process shall make an entry of such service upon the *original petition* and return it to the clerk." (Emphasis supplied.) Assuming for the sake of argument that DeLoach was such an agent of Puritan Mills as could receive notice of the entry of service, the copy of the petition which he read did not contain the entry of service, that being made on the original petition which was returned to the clerk. This method of service and return is applicable to the City Court of Douglas. Ga. L. 1902, sec. 2, p. 121. Code § 81-214 provides that the traverse of the entry must be made at the first term after notice of the *entry*. DeLoach's reading of a copy of the petition which did not contain an entry did not constitute notice of the entry of service on the original petition. It constituted at most only notice of the filing of the suit, and such notice cannot suffice for notice of the entry of service. It was held in *Odom* v. *Causey*, 59 *Ga.* 607 (2) that notice of the execution was not notice of the entry of the service. See also *Phillips* v. *Wait*, 106 *Ga.* 589 (32 S. E. 842). If notice of the execution is not notice of the entry of service, then certainly notice of the pendency of the suit is not notice of the entry. The statement by the court in *Evans* v. *Smith*, 101 *Ga.* 86 (28 S. E. 617), that notice of the pendency of a suit was notice of the return of service is obiter, as such was not necessary to a determination of the issues involved on the appeal; the case was decided on the point that the traverse did not allege and the evidence did not disclose that the traverse was filed at the first term after notice of the entry. We think that the older case of *Odom* v. *Causey*, supra, correctly states the law on this point. The traverse was timely filed.

The court erred in overruling the motions for new trial.

*Judgments reversed. Sutton, C.J., and Worrill, J., concur.*