SOLOMON T. BRIDGES *et al.*, plaintiffs in error, *vs.* M. L. THOMAS, administrator, defendant in error.

1. When on the trial of an affidavit of illegality to an execution, the Judge held the judgment to be dormant for want of an entry within seven years, and the next day the plaintiff sued out a *scire facias* to revive, and subsequently to this suing out of a *scire facias* he filed a bill of exceptions to the judgment of the Judge, but afterwards withdrew it: *Held*, That the pendency of the bill of exceptions could not be pleaded in abatement to the *scire facias.*

2. When a record is shown to be lost or destroyed, its contents may be proven by parol without establishing the lost or destroyed original.

3. The original papers, to-wit: the declaration, process, verdict and judgment in a suit do not cease to be records because they have not been recorded in the record book of writs in the Superior Court.

Judgment. Illegality. Bill of exceptions. Record. Lost papers. Before Judge BUCHANAN. Coweta Superior Court. March Term, 1873.

On September 6th, 1860, John M. Thomas obtained a judgment in Coweta Superior Court against Solomon T. Bridges, and Soloman T. Bridges, as administrator of John T. McKoy, principals, and George H. Page, security, for $3,903 21, with $463 72 interest to the date of judgment.

On April 15th, 1872, an execution issued from said judgment. The defendants made payments on said execution, as follows : On January 24th, 1867, $1,500 00; on March 12th, 1869, $2,000 00. On said last day, Thomas, in consideration of the amount then paid, and by way of compromise, entered an additional credit thereon of $2,710 00, leaving due only $500 00. There was no official entry on said execution from the day on which it was issued until April 5th, 1871, when the sheriff entered a levy upon the land of Soloman T. Bridges. Bridges interposed an affidavit to the·effect that he desired to avail himself of the benefits of the Relief Act of 1868.

On March 28th, 1872, during the March adjourned term of Coweta Superior Court, the question was submitted to the Court as to whether the judgment upon which said execution was based was dormant. The Court held the judgment dormant, and directed the levy dismissed.

On the succeeding day, (March 29th, 1872,) M. L. Thomas, the administrator of said John M. Thomas, he having in the meantime died, instituted proceedings by *scire facias* to revive said judgment. Subsequent to this, but within thirty days from the adjournment of said term of the Court, said M. L. Thomas, administrator, presented to the presiding Judge his bill of exceptions to the aforesaid ruling. He certified to the same, and the case was carried to the Supreme Court.

On August 15th, 1872, the plaintiff in error withdrew the bill of exceptions. At the succeeding March term of Coweta Superior Court the issue upon the *scire facias* came on to be heard.

The defendants pleaded that the judgment could not be revived for the following reasons :

Bridges *et al. vs.* Thomas.

1st. Because said proceedings by *scire facias* were not commenced in time.

2d. Because two suits were pending at the same time, and the *scire facias* having been commenced last should be dismissed.

A. D. Freeman, the attorney for the plaintiff in execution, testiffed, that he and the clerk of said Court had made diligent search among the old writs to find the judgment sought to be revived, but had failed ; that neither was it to be found upon the record of writs.

John M. Mann, the clerk of the Superior Court who issued the execution, testified, that according to the best of his recollection, he had the judgment before him at the time he made out said *fi. fa.;* that he never issued an execution except from the judgment; that John M. Thomas brought the declaration to him, and he issued the *fi. fa.* from the judgment entered thereon.

The minutes of September term, 1860, of Coweta Superior Court were then introduced, showing the verdict upon which said judgment was based.

The original execution, with the entries thereon, was also introduced, and plaintiff closed.

The defendants relied upon the documentary evidence introduced by the plaintiff, and also an admission by the plaintiff as to the truth of the facts hereinbefore recited, as to the writ of error to the Supreme Court, etc.

The Court charged the jury, amongst other things, in substance, as follows : That the levying of the execution, and it being arrested by an affidavit of illegality under the Relief Act of 1868, was not such a proceeding as, together with the *scire facias* to revive the judgment upon which said execution was based, would constitute two suits pending at the same time for the same cause of action ; that *scire facias* to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained.

The jury returned a verdict in favor of the plaintiff, and judgment was rendered accordingly. The defendants moved for a new trial, because said verdict was contrary to the evi-

dence, and because of error in the aforesaid charge. The motion was overruled and the defendants excepted.

POWELL & STALLINGS, by C. W. MABRY, for plaintiffs in error.

ALVAN D. FREEMAN, for defendant.

McCAY, Judge.

1. We are not prepared to say that the plaintiff might not sue out a *sci. fa.* to revive a judgment, even if he had a levy pending on a *fi. fa.* issued upon it. If the judgment be in fact dormant it can be revived, and we do not see how the existence of a pending levy can affect it. But at any rate when this *sci. fa.* was sued out there was no pending levy. The Judge had dismissed it. The filing of a bill of exceptions to that judgment some time after the filing of the application for, and issuing of the *sci. fa.*, could not make that illegal which was legal when done. If anything was illegal it was the filing of the writ of error after the plaintiff had accepted and acted on the judgment dismissing the levy: *Hand vs. Armstrong*, 36 *Georgia*, 267.

2. Upon proof that the original record was lost, the plaintiff had a right to prove the existence and contents of it by parol. We know of no rule requiring the party wishing to use a lost record to establish a copy. If established, it would necessarily be by parol; and as we have said, we know of no authority which compels a party to take that course. Mr. Greenleaf expressly says that a lost or destroyed record may be proven as other lost or destroyed papers: 1 Greenleaf on Evidence, section 509.

3. Whatever may be the effect upon third persons of the failure of the clerk to record in the book for the record of writs, the proceedings and judgment in a case in the Superior Court, we are clear that as between the parties the judgment remains a judgment, though not recorded. If the record is intended for any purpose other than the preservation of evidence of the judgment, there can be no such purpose intended

as affects the rights of the parties as between themselves. The statute does not say that the judgment shall be void. There is nothing but a provision making it the duty of the clerk to record. No consequence is attached of a failure. As between the parties we can see no reason for any consequence. We think the Court was right, and that the plaintiff was entitled to his judgment of revival.

Judgment affirmed.