## Gross *vs.* Mims, administratrix.

1. Mistake in the given names of the defendants in execution are amendable on motion. Such amendment does not involve the loss of any entries on the *fi. fa.* as means of preventing dormancy of the judgment. If the record of the case is wanting or incomplete, and the original papers are lost, the court may look to the statement of the parties as found on the minutes. in connection with the verdict of the jury there recorded, and make the *fi. fa.* conform thereto in respect to the given names of all of the defendants. A motion to quash the *fi. fa.* where the defect is amendable and where the amendment is moved for and ordered to be made, was properly over-ruled.

2. Where a *fi. fa.* from the superior court was issued in 1861, which has been kept alive by entries and returns, but for some cause unexplained no record of the case, except of the verdict on the minutes, is to be found in 1879, and the original papers are lost, the *fi. fa.* may proceed as between the parties thereto without supplying the record or establishing copies of the papers. In respect to purposes which a *fi. fa.* may serve without actual production of the judgment, the presumption is that there was a valid and regular judgment entered on the verdict, unless the contrary appears.

Executions. Amendment. Levy and sale. Presumption. Judgments. Before Judge Johnson. Screven Superior Court. May Term, 1879.

An execution dated October 21st, 1861, against Gross and others, in favor of Mims, was, on March 26th, 1877, levied upon the property of Gross. He interposed an affidavit of illegality, setting up the following grounds:

1st. If any judgment was ever entered up against this deponent and the other defendants, the execution does not follow such judgment, in this, that the verdict was in favor of the plaintiff against "Thomas Gross, E. C. Davis, J. W. Bates, and J. W. Bryan," whereas the execution is against "Thomas Gross, Elijah C. Davis, J. W. Bates and Isaac W. Bryan."

2d. The records of the court do not show that judgment was ever, or at any time, entered up against the deponent or the other defendants.

When the issue thus formed was called for trial, the plaintiff in *fi. fa.* having died, his administratrix, Mrs. Mims, was made a party in his stead. She demurred to the illegality. The demurrer was overruled. She then moved an order authorizing the amendment of the execution so as to make the names of the defendants therein conform precisely to the statement of the case on the minutes which preceded the verdict. To this Gross objected, and moved that the execution be quashed. His motion was overruled and the amendment allowed, but the levy ordered dismissed.

The execution had entries thereon which prevented the dormancy of the judgment upon which it was based, if there was any such judgment. No evidence was introduced by either party. The court simply inspected the record which showed the facts to be as set forth in the illegality, and that a verdict was rendered on October 14th, 1861. There was no record of any writ or of any other proceedings, plaintiff's attorney alleging that all of the original papers had been lost.

The court held, for the purposes of the motion to amend, that the presumption was that judgment had been entered up in accordance with the verdict, and inasmuch as execution had been issued, the various entries of the sheriff kept alive the judgment, and therefore the proposed amendment was not too late.

Gross excepted to the refusal to quash the execution, and to the allowance of the amendment.

John C. Dell, by brief, for plaintiff in error, cited Code, §§2862, 2914, 3636, 3568; 39 *Ga.*, 565; 16 *Ib.*, 190.

W. Hobby; P. W. Meldrim, by brief, for defendant, cited 3 *Ga.*, 121; 35 *Ib.*, 207; 56 *Ib.*, 174; 35 *Ib.*, 207; Code, §§3494, 3495.

BLECKLEY, Justice.

1. A *fi. fa.* may be amended so as to conform to the judgment from which it issued. Code, §3495. Even the clerk, without action by the court, may amend "any mistake" which he has made in issuing an execution. *Ib.* §3496. Amending a *fi. fa.* does not involve the loss of entries previously made upon it as means of preventing dormancy of the judgment. 56 *Ga.*, 174. Where the original papers in a case are lost, and a proper record of them is wanting or incomplete, by far the better practice is to establish copies and have them duly recorded, so as to make up the full record as it ought to be. It is very unsatisfactory for a court or any officer to do anything with final process without this preliminary step. Still, we cannot say that if the court from which the *fi. fa.* issued, is willing to regard the verdict recorded upon its minutes, and the statement of the parties as there set out, a sufficient basis for amending the *fi. fa.* in respect to the given names of the defendants, it cannot do so. We hold that it can. Compare 50 *Ga.*, 378. It is to be remembered that the clerk who issued the writ might amend it as a mere ministerial act, and this being so, the amendment of such writs is on a different footing from most other amendments. There is a very strong moral probability that the verdict conforms to the declaration in the statement of the parties, and that the judgment did not describe the parties differently from the declaration. How the execution came to be otherwise than it should have been, is not explained, but the affidavit of illegality alleges that it did not follow the judgment, and the affidavit itself points to the verdict as evidence of that fact. The defect in the execution being amendable, and the amendment having been moved for, and, on evidence satisfactory to the court, ordered to be made, the motion to quash was properly overruled.

2. It will be observed that the affidavit of illegality does not deny that there was a judgment, though it does deny

that the records of the court show any.   A judgment is not the less a judgment because the clerk has failed to record it.   50 *Ga.*, 378, *supra*.   As the minutes show a verdict, and there has been an execution outstanding and kept alive ever since the year 1861, we think the *fi. fa.*, as amended, may proceed without supplying the record or establishing copies of the lost papers.   A fair presumption is that there was a valid and regular judgment entered on the verdict, and this presumption ought to hold, as between the parties themselves, and in respect to purposes a *fi. fa.* may serve without actual production of the judgment, until the contrary appears.   It is very rare in our practice when the plaintiff in an execution has to back it up with the production or the proof of a judgment in contests with the defendant.   There is a sort of general presumption that every execution issued by a proper officer, which recites a judgment as its basis, has in fact a judgment to stand upon. This presumption is rooted in the still broader one, that all public officers do their duty.

Judgment affirmed.