CUYLER *et al. vs.* SMITH, administrator, *et al.*

Where a bill was filed by a citizen of a foreign State and an administrator, who was a citizen of Georgia, against certain citizens of this State and an application to remove the cause to the Circuit Court of the United States was refused; and where subsequently the bill was amended by striking the name of the administrator as a party, leaving the cause to proceed wholly between citizens of different States, it could be removed to the Federal court, and on second application, made in proper time, such removal should have been allowed. The record showing on its face a proper case for removal, it is not a question for this court to decide whether or not the administrator is a necessary party. That question will be determined by the Federal court, if it should arise.

June 14, 1887.

Removal of Causes. United States Courts. Amendment. Parties. Before Judge ADAMS. Chatham Superior Court. December Term, 1886.

At the return term of the bill filed in this case, the complainants filed their petition to remove the cause to the Circuit Court of the United States, alleging that they were citizens of New Jersey, and that all of the defendants were citizens of Georgia. The application was refused, the presiding judge holding that Johnston, though nominally a defendant, had interests antagonistic to those of the other defendants, and was really allied in interest to the complainants. The complainants then dismissed their petition for removal and amended their bill by striking the name of Johnston as a party defendant, and at the same time renewed the application for removal. This was refused, and they excepted.

GEO. A. MERCER, for plaintiffs in error.

A. R. LAWTON; DENMARK & ADAMS, for defendants.

HALL, Justice.

Johnston, as the administrator of A. H. Cuyler, as this litigation originally stood, was interested on the same side

of the case with Mrs. Cuyler. The defendants in the bill were citizens of Georgia, Mrs. Cuyler was a citizen of New Jersey, and Johnston, the administrator, was likewise a citizen of Georgia. The court refused the transfer of that case when it was originally up. The complainants submitted to that judgment, but amended by striking Johnston as a party from the bill. That left the parties on opposite sides of the case. We do not think, inasmuch as this application was made in time, that this removal upon a second application ought to have been refused. The parties were wholly citizens of one State on the one side, and wholly citizens of another State on the other side. So far, then, as they appeared in the record, they were in a condition to remove the case. It is true, it is said, that Johnston, as administrator of Cuyler, would be a necessary party to that litigation; that they could not get along without him. While that may be true, we do not conceive that it is a question for us to pass upon. These facts give jurisdiction to the Circuit Court of the United States. That court is to pass upon it; and if they find they cannot get along, they will doubtless make such a disposition of the case as will relieve them from considering it; they will remand it. As yet, we have no right to look into that question, as I conceive. For these reasons, we must order this case reversed; and I state that I have less hesitancy in giving it that course, because our jurisdiction over it is not final, nor is it plenary. It certainly is not final; and if we allow the case to go to that court, it will hasten its termination.

Judgment reversed.