### 24651. BENTON *v.* MADDOX *et al.*

814

Decided March 12, 1936.

W. W. *Walker, Smith & Smith,* for plaintiff.

M. F. *Adams,* for defendants.

Stephens, J. L. O. Benton, the transferee of an execution in favor of T. R. Bennett, superintendent, etc., for the use of the Bank of Eatonton against John D. Maddox in the principal sum of $682.27, caused the execution to be levied on certain property as the property of the defendant in execution. The defendant, in an affidavit of illegality, attacked the validity of the judgment on which the execution issued on the ground that the defendant had never been served with the petition and process, had never waived service, had never appeared and pleaded, and had never authorized any one to do any of these things for him. The defendant alleged that the sheriff had made a return of service on the petition to the effect that the defendant had been duly served with the petition and process. The defendant traversed this return of the sheriff, and prayed that the sheriff be made a party. Later, by amendment to the affidavit of illegality, the defendant struck the allegation that the sheriff had made a return of service and dismissed the sheriff as a party to the case.

On the trial it appeared that the original papers were lost. The plaintiff in fi. fa. offered the testimony of the sheriff to the effect that he had served a copy of the petition and process on the defendant and had made a due and legal return of service on the original petition and process at the proper time, and had returned the petition and process with his return of service thereon to the clerk, that he had made a written memorandum of these facts at

the time and had this memorandum with him. This evidence the court excluded on the ground that the facts sought to be proved could not be established by parol. There was introduced in evidence the portion of the illegality which had been stricken to the effect that the sheriff had made a return of service on the petition, that he had served the defendant with a copy of the petition and process on a named date and that the defendant alleged that the return was untrue. There was also introduced the record of the proceedings in the case as appeared in the writ book in the office of the clerk of the superior court, which record did not contain any copy of any return of service but was silent as to such service. The plaintiff tendered in evidence other portions of the writ book containing records of cases in the office of the clerk of the superior court decided at the same term at which the present case was decided and recorded in the writ book immediately before and immediately after the record of the proceedings in this case, which records contained no copies of entries of service made in such cases. The plaintiff also tendered in evidence the original papers in these cases on file in the clerk's office from which it appeared that the entries of service in such cases had been made. This evidence was offered for the purpose of showing that it was the practice of the clerk of the court at that time not to copy returns of service on the records made in the writ book in this office of papers in cases of file in the clerk's office. This tendered evidence was excluded. The case proceeded to trial and resulted in a verdict and judgment for the defendant.

The plaintiff made a motion for new trial on the general grounds, and on the ground that the court erred in excluding the proffered testimony which was excluded. The plaintiff also excepted to the failure of the court to charge written requests timely made by the plaintiff, that it is presumed that a court in rendering judgment had before it sufficient evidence of service to authorize the rendition of the judgment, that if the record is silent as to service the presumption in favor of the judgment would give aid to the party obtaining the judgment and the burden would be on any one attacking the judgment to show that service had not been perfected, that the record is silent in this case on the question of service and it is therefore presumed that the defendant Maddox was served and the burden is on him to show that he was not served, that unless

the defendant Maddox could prove to the satisfaction of the jury by a preponderance of the evidence that he was not served, it would be the duty of the jury to find for the plaintiff in execution. The plaintiff excepted to the charge of the court which was substantially as follows:—the record in the case has been introduced in evidence and also records of other cases that are contained in the same volume [referring to the writ book in the office of the clerk of the superior court which contained records of the proceedings] but the only evidence which it would be proper for the jury to consider would be that in the case of *Benton* v. *Maddox;* the law requires the clerk of the court to record on what is called the docket of proceedings the entire record in every civil case including the original petition, the exhibits thereto in the way of notes including the process, the return of service by the sheriff, if the sheriff has made any return, upon these proceedings, and where the record fails to disclose any fact the court has the right to call the jury's attention to such facts, that there is no record of the fact of service, that the defendant contends that he has never been served with a copy of the petition and process by the sheriff, and after considering all the evidence in this case and all circumstances developed in the trial if you reach the conclusion that the defendant Maddox was never served with a copy of that petition and process the verdict should be for the defendant. The plaintiff excepted to this charge on the ground that it was calculated to instruct the jury that the. silence as to service in the record as copied in the clerk's office in the writ book was sufficient evidence from which it could find that there was in fact no service, whereas it is the law that when a judgment has been entered and the final record is silent as to service it will be presumed in the absence of other evidence that there was a valid service and return of service on the original papers, and that the court failed elsewhere to instruct the jury that it was the duty of the sheriff to serve the papers and make the return of service on the original petition and that it was the duty of the clerk to copy the papers on the final record and that his failure to copy the return of service, if there was one, of the original paper on the final record would not render the judgment void, that the charge was calculated to instruct the jury that if there was no copy of return of service on the final record the judgment was void and that the charge contained an expression of

opinion of the court that the silence of the final record as to service would show that there had been no valid service.

The original papers in a case on file in the clerk's office of the court are matters of record. When it is shown that they are lost or destroyed their contents may be proved by parol. *Gray v. Mc-Neal,* 12 *Ga.* 424 (7) ; *Bridges* v. *Thomas,* 50 *Ga.* 378; *Battle* v. *Braswell,* 107 *Ga.* 128 (32 S. E. 838). Upon proof that the original papers were lost it was competent to show their contents by parol, and in so doing, to show that the papers contained a return of service made by the sheriff. It was competent to show this by the testimony of the sheriff himself. While the copy of lost papers which are matters of record may be proved by copies of same as they appear of record in the writ book required to be kept by the clerk of the court, the mere failure of the record, as appears from the writ book, to show the existence of a portion of the record or lost paper, the contents of which are established otherwise by parol, is not conclusive of the nonexistence of the paper. It may be a circumstance tending to contradict the parol testimony. The portion of the writ book which contained records of cases in the office of the clerk of the superior court decided at the same term at which the present case was decided and recorded in the writ book immediately before and immediately after the record of proceedings in this case, and which records contained no copies of entries. of service made in such cases, and also evidence consisting of the original papers in these cases on file in the clerk's office in which it appeared that entries of service in such cases had been made although the record of such was omitted from the record of these cases in the writ book, was improperly excluded. Such evidence was relevant and material as a circumstance tending to discount the probative value of the record in the writ book of the original papers in the present case wherein the record was silent as to any return of service by the sheriff. The court erred in excluding this evidence, and also erred in excluding the parol evidence of the sheriff tending to establish a return of service, and erred in failing to charge as requested and also erred in the charge as excepted to. The court erred in overruling the plaintiff's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*