## 26137. BENTON v. MADDOX.

DECIDED JULY 3, 1937.

W. W. *Walker, Smith & Smith,* for plaintiff.

M. F. *Adams,* for defendant.

Guerry, J. The facts of this case are set out in 52 *Ga. App.* 813, 817 (184 S. E. 788).. On the last trial the defendant in fi. fa. assumed the burden of proof, and testified that he had never been served with any such suit as that on which the judgment was predicated. The same facts as set forth in the former opinion of this court were shown. The testimony of Maddox, the defendant in fi. fa., was objected to on the ground that he was incompetent as a witness to testify that he had not been served and that the sheriff did not in fact serve the papers, when the sheriff himself was not a party to the case, and there was no traverse of the return. The sheriff testified that he did make service of the petition, though it does not appear from his testimony in the record whether the service was or was not personal service. As was said in the former opinion in this case, "there is a presumption from the rendition of the judgment that service had been perfected; and where the record is silent as respects the perfection of service, the burden is on the one attacking the judgment to show that service had not been perfected." It was said in *Schulze* v. *Schulze,* 149 *Ga.* 532 (101 S. E. 183) : "The superior court is a court of general jurisdiction; and having exercised jurisdiction and rendered judgment, we must presume that all necessary jurisdictional facts appeared. . . The judgment of the court imports verity." It is the duty of the sheriff to deliver a copy of the petition and process to the defendant either personally or by leaving same at the defendant's residence, and to make an entry of such service upon the original petition and return the same to the clerk of the court. Code, § 81-202. A judgment having been rendered, there is a presumption that such entry of service was made upon the original petition. If there was such a return of service, in the absence of a legal traverse, to which the sheriff is a party, it is conclusive. An affidavit of illegality will not take the place of a traverse of the officer's return. "An affidavit of illegality, denying service, is of itself sufficient to raise that issue only when no return of service exists; since a return of service is conclusive upon that question, in the absence of a timely traverse." *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409 (94 S. E. 610). The officer making the return is a necessary

party to such traverse. *Hamilton* v. *Chitwood,* 37 *Ga. App.* 393 (140 S. E. 518). Judge Bleckley, in *Dozier* v. *Lamb,* 59 *Ga.* 461, very clearly drew the distinction between what was a denial of service as set out in the affidavit of illegality and the evidence of service as shown by an officer's return. He said: "In making his affidavit, he deals with the fact of service, and negatives its existence. That much is necessary. He puts the fact in question, and brings the question into court to be tried on such legal evidence as may be there adduced. . . Such return, if any, . . will, as evidence of service, be absolutely conclusive. On the issue of service or no service, the return is the appointed witness of the law. It is a witness that can not be contradicted or impeached. So long as it is competent to testify, the law accepts its testimony as true—as importing absolute verity. Only by destroying its competency can it be resisted. Traverse it,—indict it so to speak, for perjury, and convict it, then it will be infamous, and condemned to silence. A mere denial of service, in the affidavit of illegality, is no more a traverse of the official return than a plea of 'not indebted' is a plea of non est factum. Service is one thing, and the evidence of service another. . . Traverse of the return is a direct attack upon the official evidence of service, and such an attack is as necessary when there is an affidavit of illegality as where there is none; and unless the attack is made in due time and sustained, no affidavit of illegality founded on the want of service can possibly prevail."

The judgment imports a valid return of service. If there was a valid return of service in this case, the defendant is concluded thereby, without a traverse of such return. The officer making the return must be a party thereto. The judgment imports its verity. The writ record, although presumably correct, and possibly conclusive as against parol testimony as to what it does contain, is not conclusive as to what it does not contain. The original petition in this case being lost, the fact that other petitions were recorded at the same time, and, although the originals showed entries of service, the writ record showed no recordation of such entries, and the issuance of the judgment in the matter, was sufficient evidence to show an entry of service. Such being shown, the defendant in fi. fa. may not, without traverse of such entry, actual or implied, dispute the fact of service if he had notice of

it. The appointed witness of the law having spoken, it must be indicted and convicted of perjury before it is condemned to silence. The defendant introduced first the writ record which contained a copy of the petition, the process, and the judgment taken. It was silent as to service. We think his testimony that he had not been served was not subject to objection at that time, for the reason that evidence had been introduced which tended to disprove that any entry of service had been made, to wit, the silence of the writ record. While there is a presumption, by reason of the judgment, that service has been effected and an entry of service has been made, there is also a presumption that the clerk did his duty. His duty, under the Code, § 24-2715, is "to record in well-bound books, within six months after the final determination of any civil suit, all the proceedings relating thereto." In *White* v. *Newton Mfg. Co.*, 38 *Ga.* 587 (3), it was said: "The record in a case . . consists of the declaration, process, return of service by the sheriff," etc. Until there is a return of service there is nothing to show that the court has jurisdiction. *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (48 S. E. 25). If there is an entire absence of service the court should not proceed. *Phillips* v. *Bond*, 132 *Ga.* 413 (64 S. E. 456). The objection as made was not well taken, because at that stage there was no evidence of an entry of service except the presumption from the judgment, which presumption was met by a counter presumption. The sheriff's testimony merely disclosed that service was had upon the defendant, and the judgment presupposes that an entry of such service was made on the petition and returned into court; but it is silent as to whether such service was personal or by leaving a copy at the residence of the defendant. Under the Code, § 81-202, personal service is not essential to the validity of the service or the judgment. If the return had shown personal service, and a traverse of such return had been filed, it would have been necessary to show that such service was personal. It was error to restrict the argument or restrict the jury to the sole and single question as to whether service, if effected, was personal.

The admission in the pleadings of the defendant, introduced in evidence, was that the sheriff had made a return of service, and that before the term at which the illegality issue was tried he

had notice of the return. The record of other pleadings recorded at the same time showed that the clerk of the court had failed to show on his writ record any return of service thereon, although the original papers or petitions showed the fact that there were proper returns of service. We think these facts sufficient to show that there was a return of service; and if the defendant had notice of such return of service, it was conclusive of the fact of service, unless it was traversed and the sheriff was made a party to the traverse. The only issue for determination by the jury was not, as charged by the court, the fact of service. If the jury should find that a copy of the lost petition properly established contained an entry of service on the defendant by the sheriff, and that defendant knew of its existence before the case was tried, such entry was conclusive of the fact of service; and no evidence to the contrary could be considered, except and unless the return was traversed, and the sheriff was made a party thereto. The court erred in restricting the jury to the issue of service or no service. We think the presumption under the judgment, the admission in the pleadings of the defendant, the non-recording of entry of service on other records at the same time, in which it was shown that such records contained the entries of service, authorized a finding that a return had been made; and there being evidence that the defendant knew of its existence, the judge erred in not submitting this issue to the jury.

<em>Judgment reversed. Broyles, C. J., concurs.</em>

MacIntyre, J., concurring specially. This case is an affidavit of illegality filed by J. D. Maddox to the levy of an execution by T. O. Benton as transferee. In the original affidavit the defendant alleged "that since the last term of said court it has come to his notice that in said case that A. J. Walton, the sheriff of said county, made return of service on the petition in said case that he served this affiant with a copy of said petition and process on the ——day of——————, 1923; and affiant says that said return is untrue, and he hereby traverses the same, and he prays the court to make said A. J. Walton, sheriff, a party to this case by proper order." By amendment this allegation was stricken. The case proceeded to trial, and the jury returned a verdict in favor of the defendant. The plaintiff filed a motion for new trial, and excepted to the judgment overruling it. It appeared

that the original papers in the case in which the execution issued were lost. The defendant introduced evidence that the writ book kept in the clerk's office contained a copy of the petition and judgment, but disclosed no entry of service. He testified that he had never been served with a copy of the petition in the case. The plaintiff introduced that part of the affidavit of illegality that was stricken by amendment; also evidence consisting of the records in other cases in the same book immediately before and immediately after the record in the present case, in which there appeared no record of returns of service, and evidence of the original papers in such cases which contained returns of service. A. J. Walton, the sheriff, testified substantially that he served the defendant.

Now the first question presented by the motion for new trial may be stated thus: Was the testimony of the defendant that he had not been served inadmissible for the reason that he filed no traverse of the entry of service and did not make the sheriff a party? This question should be answered in the negative. It seems to me that sufficient reason for this answer is that no entry of service appeared. If the defendant is required to file a traverse in such a case, he must admit an entry when none appears; and if there be some evidence that there was no entry, he must speculate whether the court will hold that there was an entry. "The entry of the sheriff . . may be traversed by the defendant *at the first term after notice* of such entry is had by him." Code, § 81-214. In *Dozier* v. *Lamb,* 59 *Ga.* 461, Judge Bleckley, in holding that an entry is the chosen witness of the law and can not be contradicted, presupposed, as does the statute, the actual existence of the return.

In passing on a case similar to the one at bar, Pottle, J., in *McLeod* v. *Bird,* 14 *Ga. App.* 77, 79 (80 S. E. 207), said: "If the record is silent on the question, then the presumption in favor of the court's judgment would give aid to the party obtaining the judgment, and the burden would be upon any one attacking the judgment to show that he was not served. If the record is lost, and therefore it can not be ascertained whether the court had in fact before it evidence of service, the person attacking the judgment would make out a prima facie case by showing that he had never in fact been served. It is not essential that he should go further and show that no entry of service had been made by any

officer of the court competent to make service. The party claiming under the judgment could then reply by establishing a copy of the record showing a valid entry of service. If this be done, it would then be necessary for the party attacking the judgment to traverse this entry and make the officer a party, or the party claiming under the judgment might overcome a prima facie case made by the attacking party by showing either of two things: (1) He could do so by showing that there had been a valid entry of service and that the defendant in the judgment had notice of this entry at or before the preceding term of the court; or (2) he might defeat the defendant in the judgment by disproving the facts to which he had testified and showing that he had been actually legally served." It is clear from this decision, as well as from the statute, that no traverse of a return of service is necessary, unless there does actually exist one upon the records. If, as there stated, the plaintiff had *established a copy* of the petition *showing an entry of service,* and formally introduced it in evidence, then the defendant would have had to file his traverse making the sheriff a party. Where this is not done, but the fact of the existence of an entry is merely disputed by evidence consisting of conflicting presumptions, the defendant is authorized to testify that he was not served, without filing a traverse or making the sheriff a party. In such a case, that is, where the lost record is not established, the question whether there was an entry is not a controlling issue before the jury. This is true for this reason: suppose the jury should find that there was an entry, this would not be a finding, or equivalent in law to a finding, that the defendant had notice of the entry. The law requires a traverse by the defendant *at the first term after notice.* Therefore the mere finding by the jury that there was a return would not require a finding that the defendant, at that term and during that term, should have filed a traverse. In this case, since there was evidence of the existence of a return, and some evidence that the defendant knew of the return before the term of the court at which the case was tried, the judge should have submitted this issue to the jury and charged them that if there was a return and defendant knew of it, they should go no further, and find for the plaintiff. He therefore erred in restricting the issue merely to service or no service.