26978. MADDOX *v.* BENTON.

DECIDED NOVEMBER 3, 1938.   REHEARING DENIED NOVEMBER 16, 1938.

*M. F. Adams,* for plaintiff in error.

*W. W. Walker, Smith & Smith,* contra.

SUTTON, J.   This is the third appearance of this case in this court.   See *Benton* v. *Maddox,* 52 *Ga. App.* 813 (184 S. E. 788); *Benton* v. *Maddox,* 56 *Ga. App.* 132 (192 S. E. 316).   The case arose under an affidavit of illegality filed by J. D. Maddox to the levy of an execution by L. O. Benton as transferee of T. R. Bennett, superintendent of banks of Georgia, for use, etc.   In the original affidavit Maddox alleged that he had never been served with the petition and process, had never waived service, had never appeared and pleaded, and had never authorized any one to do any of these things for him.   Other defenses were set up.   The affidavit also included the following allegations: "that since the last term of said court it has come to his notice that in said case that A. J. Walton, the sheriff of said county, made return of service on the petition in said case that he served this affiant with a copy of said petition and process on the ———— day of ———————————, 1923; and affiant says that said return is untrue, and he hereby traverses the same, and he prays the court to make said A. J. Walton, sheriff, a party to this case by proper order."   When the case came on for trial it was found that the papers in the suit in which judgment had been obtained by Benton's transferor had been lost. The defendant assumed the burden of proof, struck by amendment the above-quoted portion of his affidavit, and introduced in evidence the record of the proceedings in the case as shown in the writ book of the office of the clerk of the superior court where the case was tried, such record showing that a judgment was rendered

by default on September 19, 1923, in favor of T. R. Bennett, superintendent, etc., but not showing any copy of a return of service on Maddox. The plaintiff introduced in evidence the portion of the affidavit which had been stricken. No attempt was made to establish copies of the lost papers, but the plaintiff sought to introduce testimony from the sheriff that he had served a copy of the petition and process on the defendant, and had made a due and legal return of service on the original petition and process at the proper time, and had returned to the clerk the petition and process with his return of service thereon, and that he had made a written memorandum of these facts at the time and had this memorandum with him. This testimony was excluded on the ground that the facts sought to be proved could not be shown by parol evidence. The plaintiff sought also to introduce in evidence the following: (a) Other portions of the writ book containing records of cases in the office of the clerk of the superior court, decided at the same term at which the judgment in favor of Benton's transferor was rendered, such records appearing in the writ book immediately before and immediately after the record of the proceedings in the case in which judgment was rendered for Benton's transferor, but such records containing no copies of entries of service in such cases. (b) The original papers in these cases, from which it appeared that entries of service in such cases had been made. The evidence just referred to was offered for the purpose of showing that it was the practice of the clerk at that time not to copy returns of service on the records made in the writ book. The evidence was rejected.

On the trial a verdict in favor of the defendant was returned. The case was brought to this court, error being assigned on the overruling of the plaintiff's motion for new trial. That judgment was reversed, and it was held that upon proof that the original papers were lost it was competent to show their contents by parol testimony, and that the court erred in rejecting the testimony of the sheriff tending to establish service and a return of service; that the evidence referred to above as (a) and (b) was improperly excluded, as such evidence was relevant and material as tending to discount the probative value of the record in the writ book of the original papers in the case in which judgment was rendered in favor of Benton's transferor, in which writ book no return of serv-

ice was shown. In support of the ruling that the contents of lost papers may be established by parol evidence, this court cited *Bridges* v. *Thomas*, 50 *Ga.* 378 (2), where it was said: "Upon proof that the original record was lost, the plaintiff had the right to prove the existence and contents of it by parol. We know of no rule requiring the party wishing to use a lost record to establish a copy. If established, it would necessarily be by parol; and as we have said, we know of no authority which compels a party to take that course. Mr. Greenleaf expressly says that a lost or destroyed record may be proven as other lost or destroyed papers." The above discussion has been thought desirable in order to establish what has become the law of the case.

When the case came on for trial the second time, the defendant assumed the burden of proof and introduced in evidence the writ record containing a copy of the petition, process, and judgment in the case out of which the execution arose. It was silent as to service. He sought to testify that he had never been served, but the testimony was rejected on the ground that where there was no traverse, and the sheriff was not a party to the suit, the defendant was incompetent to testify that he had not been served. The plaintiff introduced that part of the affidavit of illegality which had been stricken, and also the evidence hereinbefore referred to as (a) and (b). The sheriff testified for the plaintiff that he had served the defendant, but did not testify that he had made a *return* of service.

From a reading of a report of the case in 56 *Ga. App.* 132 (supra), it will be seen that after verdict and judgment had been rendered for the defendant this court reversed the judgment. It was held that the trial court erred in restricting the jury to the single question of the fact of service, this court pointing out that there being evidence from which the jury might have properly found that there had been a return of service, not traversed, the plaintiff was entitled to have that issue submitted to the jury. That is to say, a defendant can not prevail under a mere affidavit of illegality without a traverse, if there has been a return of service, because the return is, as aptly described by Judge Bleckley in *Dozier* v. *Lamb*, 59 *Ga.* 461, "the appointed witness of the law." Whether it speak the truth or not, so long as it stands uncontroverted by the instrument prescribed by the law, a traverse, it is *conclusive* evidence as to the fact of service, and no other kind of

evidence as to service can be received. The return must first be "indicted," its pretensions destroyed and made "infamous," before a lack of service may be found by a jury. Hence, by limiting the issue to the question of the *fact* of service, and disregarding the issue as to whether there was *conclusive evidence,* a return of service, the trial court deprived the plaintiff of a substantial right.

This court also held that the trial court erred in not permitting the defendant to testify at the outset that he had not been served. In making out a prima facie case under an affidavit of illegality, the defendant is not obliged to anticipate that there has been a return. That is a weapon that the plaintiff must draw on the defendant. "If the record is silent on the question, then the presumption in favor of the court's judgment would give aid to the party obtaining the judgment, and the burden would be upon any one attacking the judgment to show that he was not served. If the record is lost, and therefore it can not be ascertained whether the court had in fact before it evidence of service, the person attacking the judgment would make out a prima facie case by showing that he had never in fact been served. It is not essential that he should go further and show that no entry of service had been made by any officer of the court competent to make service. The party claiming under the judgment could then reply by establishing a copy of the record showing a valid entry of service. If this be done, it would then be necessary for the party attacking the judgment to traverse this entry and make the officer a party, or the party claiming under the judgment might overcome a prima facie case made by the attacking party by showing either of two things: (1) He could do so by showing that there had been a valid entry of service and that the defendant in the judgment had notice of this entry at or before the preceding term of the court; or (2) he might defeat the defendant in the judgment by disproving the facts to which he had testified and showing that he had been actually legally served." *McLeod* v. *Bird,* 14 *Ga. App.* 77, 79 (80 S. E. 207). In other words, to state in different order the rights of the plaintiff as to meeting a prima facie case made by the defendant, the plaintiff might reply by disproving by testimony the *fact* of service, or he might resort to "the appointed witness of the law," if there be a return of service, and thereby conclude the defendant, where, as in the present case, there was not in its second appearance

a traverse of any return and the sheriff was not made a party. On the second trial of the case there was no return in evidence. There was only a *conflict* of evidence as to whether or not a return of service appeared on the lost papers; but the evidence was sufficient to make an issue for determination by the jury as to the existence of a return.

It will be noted from the quoted opinion in the *McLeod* case, supra, that this court said that the plaintiff could reply to a prima facie case by "establishing a copy of the record showing a valid entry of service." But the court did not lay down a rule that only by establishing a copy of the record can a return of service be set up; and in view of the ruling, on the first appearance of this case (52 *Ga. App.* 813, 184 S. E. 788), that the contents of lost papers may be shown by parol, it becomes the law of this case that by that method it may be shown to the jury that on the papers, lost but not necessarily destroyed, there appears, wherever they may be, an entry of service. It was held in 56 *Ga. App.* 132, that on the trial then under consideration there was evidence before the jury which would authorize a finding that the lost papers contained an entry of service, and that the court erred in not submitting this issue to the jury. The above discussion in this somewhat complicated case has been thought pertinent and appropriate as an approach to the issues raised in the bill of exceptions in the present appearance of this case before this court.

When the case came on for trial the last time, the defendant assumed the burden of proof and offered the following amendment to his affidavit of illegality: "Now comes the defendant in fi. fa., and traverses the return of the sheriff, showing service upon him prior to fifteen (15) days before the appearance term of said case, and denies the truth of the said return, of which he has had no prior notice, and prays that A. J. Walton, sheriff, be made a party hereto." The court refused to allow the amendment, and the defendant excepted. The defendant then sought to testify that he was never served with process in the suit on which the execution was founded; that he was never served with a copy of the petition; that if the sheriff made a return of service it was not true, and that he had never had notice of a return of service. The court refused to allow the defendant to so testify, and he excepted. The defendant then offered in evidence the writ record of the proceed-

ing in the suit in which the execution was issued, informing the court that such record did not contain an entry of service. This evidence was rejected, and the defendant excepted. The defendant then offered in evidence the writ record in which was recorded a proceeding in the case of W. T. Head, for use, etc., v. T. C. Spivey, tried at the same term when the case in which the execution in question was issued was tried, recorded in the writ book on the day preceding the record of the papers in the case in which the execution in question was issued, and in which record of the papers in the *Head* case an entry of service appeared. This evidence was also rejected, and the defendant excepted. It was admitted that the original papers in the case in which the execution in question was issued were lost. Whereupon the court withdrew the case from the jury and rendered judgment dismissing the affidavit of illegality and ordering the execution to proceed, and the defendant excepted.

As to the alleged error of the court in rejecting the proffered amendment of the defendant, it must be said that, at the stage of the trial when it was submitted, the action of the court, if error, was harmless to the defendant. Without the amendment, which amounted to a traverse, the defendant could have made out a prima facie case, as shown in the preceding part of this opinion, by proving a lack of service. If the amendment had been offered, and the ruling had been made, after evidence had made an issue as to a *return of service,* and if the defendant was not too late to file a traverse because of having had notice of a return of service, if any, before the time of the last trial, the court would have erred in rejecting the amendment. Where no evidence of a return of service, still less the return itself, had been presented to the jury on the last trial, the defendant was entitled to testify that he had in fact not been served, and could have made out a prima facie case without the necessity of filing a traverse. Under the facts of the trial existing at the particular juncture when the defendant sought to prove that he had not been served, the court erred in rejecting the testimony. It is contended by counsel for the defendant in error that the mere denial that he had not been served would not have sustained the defendant's affidavit of illegality, as it also asserted that the defendant had not appeared and pleaded in the original case, etc.; and that appearing and pleading would have cured the

defect of a lack of service. However, it appears that the records of the trial court, of which the judge would take knowledge, showed that the judgment rendered, the recitals of which judgment have not been disputed by either party, was by default. This necessarily establishes the fact that neither the defendant nor any one in his behalf appeared and pleaded in the original case. Therefore it would have been a useless ceremony for the defendant to present the additional proof contended by the defendant in error to be necessary to support the affidavit of illegality.

The court erred in rejecting the writ record, showing a record of papers in the suit out of which the execution issued, but not showing an entry of service. While this evidence was negative in respect to an entry of service, it was a circumstance to be considered by the jury as corroborative of the defendant's testimony that he had not been served. The record of papers in another suit entirely disconnected from the one out of which the present controversy arose, and where the writ record did contain an entry of service, was of some value to the jury on the question of service, going to establish that the absence of an entry of service in the writ record in the case out of which the execution issued was not due to mere inadvertence of the clerk, but because there was no entry to record. This evidence, while not essential to the making out of a prima facie case by the defendant, was, on being offered, admissible as cumulative evidence as to lack of service. Because of the antecedent errors controlling the judgment rendered by the court, it was error for the court to render judgment dismissing the affidavit of illegality and ordering the execution to proceed.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., concurs specially.*