41338. RYDER AUTOMOBILE LEASING COMPANY v. TATES et al.

ARGUED JUNE 9, 1965—DECIDED JUNE 22, 1965.

*Nall, Miller, Cadenhead & Dennis, Thomas A. Rice,* for plaintiff in error.

*George G. Finch, John H. Crutchfield,* contra.

HALL, Judge.  A civil action of which the United States district courts have original jurisdiction because of diversity of citizenship of the parties "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  62 Stat. 937, 28 U.S.C.A. § 1441 (b).

The right of a nonresident defendant under this statute to remove when there is a resident co-defendant who has not been served has not been directly decided.  If the plaintiff voluntarily dismisses, discontinues, or in any way abandons the action as to a resident sued jointly with a nonresident, the cause then may be removed by the nonresident defendant.  Stamm v. American Tel. & Tel. Co., 129 FSupp. 719, (W.D. Mo. 1955); Lewis v. Producers Coop. Oil Mill, 205 FSupp. 293, 295 (W.D. Mo. 1962); Beglane v. Switzer, 209 FSupp. 849 (W.D. Mo. 1962); *Cuyler v. Smith,* 78 Ga. 662 (3 SE 408); *Rich's, Inc. v. Andrews,* 66 Ga. App. 187, 189 (17 SE2d 588); 85 ALR 799.  In the Stamm case, supra, the district court decided that the plaintiff had not abandoned the action against a resident defendant who had not been served with process at the time the action was removed to Federal court, but stated in the opinion that, if the plaintiff proceeded to trial without the resident defendant, that action would constitute a voluntary discontinuance of the action against the resident defendant "which would then undoubtedly render the case removable."  The reasoning of the Stamm case is that the nonresident defendant has a right to remove the action to the Federal court when the record at the time the petition for removal is filed shows that the resident defendant has not been served and the plaintiff is willing to proceed to trial against the nonresident alone.  But the nonresident defendant's petition for removal will be fatally defective unless it shows that the resident defendant has not been served.  Gratz v. Murchison, 130 FSupp. 709 (D. Del. 1955).

In the present case the record shows, by the sheriff's return of

service, that the resident defendant has been served. The sheriff's entry of service is conclusive of the fact of service unless traversed. *Benton v. Maddox*, 56 Ga. App. 132 (192 SE 316).

"As a general rule, the question of defective service may be raised only by the one on whom attempted service was made, and one defendant is not entitled to urge defects in the service on a co-defendant." 72 CJS 1151, § 106; *Tennessee Chemical Co. v. Harper*, 30 Ga. App. 789, 792-793 (119 SE 448). The same principle is applicable as to objections to venue. *Murray v. Miller*, 157 Ga. 11, 14 (121 SE 113); 92 CJS 771, § 71. There are exceptions, however, where strict adherence to the rule would deprive the movant of a right under the law. For example, while joint tortfeasors residing in different counties of this State may be sued in the county of residence of either (*Code Ann*. § 2-4904), the cause of action must be alleged and proved against the resident defendant, and the nonresident defendant has standing to raise these questions. *Richards & Associates v. Studstill*, 212 Ga. 375 (2) (93 SE2d 3); *Lewis v. Wilson*, 111 Ga. App. 666 (142 SE2d 852); Harris Foundation v. District Ct., 196 Okla. 222 (163 P2d 976, 162 ALR 272); 42 Am.Jur. (Supp). 20, § 115. We are of the opinion that since a nonresident defendant may object to defective service of process on the resident co-defendant in order to protect his right to proper venue, he may raise the same objection in order to protect his federal right of removal. Wuchter v. Pizzutti, 276 U.S. 13 (48 SC 259, 72 LE 446); 3 Davis, Administrative Law Treatise 229, § 2206.

In the present case there is no way for the nonresident to establish the fact that there has been no service on the resident defendant except by traversing the return of service. If the resident defendant has not been served, the adjudication of the traverse of service is essential to make the record show this fact and thereby show the nonresident defendant's right of removal. *Benton v. Maddox*, 56 Ga. App. 132, supra; Gratz v. Murchison, 130 FSupp. 709, supra.

Therefore the trial court erred in sustaining the plaintiff's motion to strike and dismissing the defendant's traverse of service.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*